IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYNOPTEK, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: ) |
| PHILLIPS & COHEN ASSOCIATES, LTD., | ) ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Phillips & Cohen Associates, Ltd. ("PCA" or "Defendant"), hereby removes this action from the Superior Court of the State of Delaware to the United States District Court for the District of Delaware. Removal is proper because this Court has subject matter jurisdiction over the action by way of diversity jurisdiction. *See* 28 U.S.C. § 1332. Accordingly, PCA removes this action to this Court, and in support of its Notice of Removal states the following:

**I.     BACKGROUND**

1.     On or about August 11, 2017, Plaintiff Synoptek Inc. ("Synoptek" or "Plaintiff") filed a complaint against PCA in the Superior Court of the State of Delaware, Case No. N17C-08-194-JAP (the "State Court Action"). In accordance with 28 U.S.C. § 1446(a), attached hereto as **Exhibit A**, is a complete copy of all process, pleadings and orders served upon PCA in such action.

2.     Plaintiff served PCA with a copy of the Complaint on August 23, 2017.

3.     This Notice of Removal is being filed within thirty days of PCA being served a copy of the Complaint.  Accordingly, the action is removable pursuant to 28 U.S.C. § 1446(b)(1).

4.     In the Complaint, Plaintiff asserts a breach of contract claim.  Plaintiff's Complaint seeks damages in the amount of $40,425.69, plus interest at the rate of 18% per annum from January 17, 2017 and "attorney's fees, pursuant to a debt, note, contract, deficiency balance, and/or legal obligation."

5.     PCA denies the allegations in the Complaint and denies that Plaintiff has stated any claim for which relief may be granted.  PCA further denies that Plaintiff has been damaged in any manner.  Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, Plaintiff could have originally filed the Complaint in this Court under diversity jurisdiction because the proper parties are completely diverse and the amount in controversy exceeds $75,000.  Removal of this case is therefore proper under 18 U.S.C. §§ 1332, and 1441.

## II.    REMOVAL BASED ON DIVERSITY JURISDICTION

6.     Pursuant to 28 U.S.C. §§ 1332, 1348, 1367, 1441, and 1446, and this Court's diversity jurisdiction, removal of the State Court Action to this Court is appropriate.

### A.    *Diversity Jurisdiction*

7.     This Court has original diversity jurisdiction over Plaintiff's State Court Action under 28 U.S.C. § 1332.

8.     Section 1332 provides, in pertinent part, that the "district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."

9. Here, both the requirements for original diversity jurisdiction under 18 U.S.C. § 1332 are satisfied.

10. Complete diversity exists between Plaintiff and Defendant, thus satisfying the diversity requirement of 28 U.S.C. § 1332(a)(1).

11. In addition, the amount in controversy exceeds $75,000.00. as a result of Plaintiff's claims for attorney's fees and interest.

### B. *Diversity of Citizenship*

12. Plaintiff is, and at the time of filing of the Complaint, a California corporation with its principal places of business in Irvine, California. Accordingly, for purposes of determining diversity of citizenship, Plaintiff is a citizen of California. *Midlantic Nat'l Bank v. Hansen,* 696 (3d Cir. 1995) ("For purposes of diversity jurisdiction, a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.").

13. Defendant PCA is a New Jersey Corporation with its principal place of business in Wilmington, Delaware. Accordingly, for purposes of determining diversity of citizenship, PCA is a citizen of New Jersey and Delaware. *Id.*

14. Accordingly, there is complete diversity between Plaintiff and Defendant.

### C. *Jurisdictional Amount*

15. Diversity jurisdiction requires an amount in controversy of greater than $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

16. The Third Circuit Court of Appeals uses the "plaintiff's-view rule" to determine the amount in controversy; thus, the amount in controversy is usually the amount sought by the

plaintiff." *Shamrock Holdings of Cal., Inc. v. Arenson,* No. 04-1339, 2005 U.S. Dist. LEXIS 2509, at *14 (D. Del. Jan. 27, 2005).

17. Plaintiff's Complaint demands damages in the amount of $40,425.69, plus interest at the rate of 18% per annum from January 17, 2017, for an alleged breach of contract by PCA. (Compl. ¶ 3.) Plaintiff also seeks "attorney's fees, pursuant to a debt, note, contract, deficiency balance, and/or legal obligation" in accordance with the contract attached to Plaintiff's Complaint. (*Id.*)

18. The contract that Plaintiff contends exists between Plaintiff and Defendant, which is denied, provides: "the prevailing Party in any action or proceeding arising out of the Agreement will be entitled to recover its related expenses and fees, including attorneys' fees." (Compl., Ex. A ¶ 17.)

19. Attorneys' fees may be considered when determining the amount-in-controversy requirement where the contract at issue includes payment of attorney's fees. *See State Farm Mutual Auto. Ins. Co. v. Powell,* 87 F.3d 93, 98 (3d Cir. 1996); *Auto-Owners Ins. Co. c. Stevens & Ricci, Inc.,* 835 F.3d 388, 401 (3d Cir. 2016) ("costs and attorneys' fees should be considered part of the amount in controversy for jurisdictional purposes when they are mandated by underlying instruments or contracts."). Indeed, "the obligation to pay attorney's fees rises and falls with the outcome" of the dispute. *Auto-Owners Ins. Co.,* 835 F.3d at 402. "That obligation is thus an inseparable part of the 'amount in controversy'" and to "ignore those costs is to ignore the reality of what is at stake in this litigation." *Id.*

20. In addition, the Court may consider Plaintiff's claim for interest as that interest serves as a penalty and, therefore, an element of the claimed damages. *See, e.g., Buras v.*

*Birmingham Fire Ins. Co. of Pa.,* 327 F.2d 238 (5th Cir. 1964); 14AA Charles Alan Wright, et al., *Federal Practice & Procedure* § 3712 (4th Ed. 2017).

21. Taking into account the claimed damages, which include interest and reasonable attorney's fees, Plaintiff's claimed damages exceed the $75,000.00 amount in controversy threshold.

22. Accordingly, this action may be removed to this Court by Defendant in accordance with the provisions of 28 U.S.C. §§ 1441(a) and 1332(a), because (i) this action is a civil action pending within the jurisdiction of the United States District Court for the District of Delaware; (ii) there is complete diversity of citizenship between the parties; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

### III. VENUE

23. Venue is proper in this Court because this district and division encompass the Superior Court for the State of Delaware, the forum from which this case has been removed.

### IV. NOTICE

24. Concurrent with the filing of this Notice of Removal, Defendant will file a Notice of Filing Notice of Removal with the Clerk of the Superior Court for the State of Delaware and will attach a copy of this Notice of Removal thereto. A copy of the Notice of Filing of Notice of Removal, excluding exhibits, is attached hereto as **Exhibit B**.

25. Defendant reserves the right to amend its Notice of Removal and/or oppose any amendment of Plaintiff's Complaint that would add any non-diverse defendant(s), destroying this Court's diversity jurisdiction.

26.     If any questions arise as the proprietary of the removal of this action, Defendant requests the opportunity to present a brief and argument in support of its position that this case is removable.

## V.     **CONCLUSION**

WHEREFORE, Defendant Phillips & Cohen Associates, Ltd., hereby removes the above-captioned action from the Superior Court of the State of Delaware, and request that further proceedings be conducted in this Court as provided by law.

| | |
|---|---|
| Dated: September 22, 2017 | Respectfully submitted, |
| Of Counsel: | FARNAN LLP |
| Ethan G. Ostroff<br>Troutman Sanders LLP<br>222 Central Park Avenue<br>Suite 2000<br>Virginia Beach, VA 23462<br>Phone: 757.687.7500<br>Fax: 757.687.7510 | /s/ Michael J. Farnan<br>Brian E. Farnan (Bar No. 4089)<br>Michael J. Farnan (Bar No. 5165)<br>919 North Market Street<br>12th Floor<br>Wilmington, DE 19801<br>Telephone: 302-777-0300<br>Facsimile: 302-777-0301<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com |
| Meagan Mihalko<br>Troutman Sanders LLP<br>Troutman Sanders Building<br>1001 Haxall Point<br>15th Floor<br>Richmond, VA 23219<br>Phone: 804.697.1200<br>Fax: 804.697.1339 | *Attorneys for Defendant Phillips & Cohen Associates, Ltd.* |