# EXHIBIT A

**EFiled:  Aug 11 2017 03:06PM EDT**
**Transaction ID 60973963**
**Case No. N17C-08-194 JAP**

SUMMONS

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SYNOPTEK, INC                        )
                                     )
                                     )
                                     )
        Plaintiff,                   )
                                     )
        v.                           )
PHILLIPS & COHEN ASSOCIATES, LTD.    )
                                     )
                                     )
                                     )
                                     )
        Defendant.                   )

THE STATE OF DELAWARE,
TO THE NEW CASTLE COUNTY SHERIFF:
**YOU ARE COMMANDED:**

   To Summon the above named Defendant so that, within 20 days after service thereof upon Defendant, exclusive of the day of service, Defendant shall serve upon Ciconte Scerba LLC,  address is 1300 King Street, Wilmington, DE, 19801, an Answer to the Complaint (and, if the complaint contains a specific notation requiring the Defendant to answer any or all allegations of the complaint by affidavit, an affidavit of defense).
To serve upon Defendant a copy of hereof and of the Complaint.

Dated:   8/17/17

                        _Alyssa M. Zearn_
                        Prothonotary

                        _Cynthia Celena_
                        Per Deputy

**TO THE ABOVE NAMED DEFENDANT(S):**

   In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Plaintiffs attorney named above an Answer to the Complaint (and, if the complaint contains a specific notation requiring the Defendant to answer any or all allegations of the complaint by affidavit, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint.

                        _Alyssa M. Zearn_
                        Prothonotary

                        _Cynthia Celena_
                        Per Deputy

PL12B - CL17080

EFiled: Aug 11 2017 03:06PM EDT
Transaction ID 60973963
Case No. N17C-08-194 JAP

## SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

COUNTY:          NEW CASTLE          CIVIL ACTION NUMBER: _____

| | |
|---|---|
| Caption:<br><br>SYNOPTEK, INC,<br><br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>PHILLIPS & COHEN ASSOCIATES, LTD,<br><br><br>　　　　　　　　Defendant(s) | Civil Case Code: <u>CDBT</u>_____<br><br>Civil Case Type: <u>Debt/Breach of Contract</u><br><br>Name and Status of Party filing document:<br>SYNOPTEK, INC, Plaintiff<br><br>Document Type: (e.g.,Complaint, Answer with Counterclaim)<br>COMPLAINT<br><br>JURY DEMAND    YES _____    NO _X_ |

| | |
|---|---|
| ATTORNEY NAME(S):<br><br>　<u>Edward T. Ciconte</u>_____<br>ATTORNEY ID(S):<br><br>　<u>249</u>_____<br>FIRM NAME:<br><br>　<u>Ciconte Scerba  LLC</u>_____<br>ADDRESS:<br><br>　<u>1300 King Street</u>_____<br><br><br>　<u>Wilmington, DE  19801</u>____<br>TELEPHONE NUMBER:<br><br>　<u>(302)658-7101</u>_____<br>FAX NUMBER:<br><br>　<u>(302)658-4982</u>_____<br>E-MAIL ADDRESS:<br><br>　<u>eciconte@cskdelaw.com</u>___ | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGES INITIALS<br><br>_____<br><br>_____<br>EXPLAIN THE RELATIONSHIP(S):<br><br>_____<br><br>_____<br><br>_____<br>OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT<br><br>_____<br><br>_____<br>(IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGE) |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.



SUPERIOR COURT OF THE STATE OF DELAWARE

EFiled: Aug 11 2017 03:06PM EDT
Transaction ID 60973963
**Case No. N17C-08-194 JAP**

SYNOPTEK, INC                          *
                                       *
                                       *
                                       *
                                       *
                                       *
                                       *
    Plaintiff,                         *
                                       *
    v.                                 *   No.
                                       *
PHILLIPS & COHEN ASSOCIATES, LTD.      *   PURSUANT TO **10 DEL.C. S 3901,**
                                       *   the Defendant is specifically
                                       *   requested to answer all allega-
                                       *   tions of this Complaint by
                                       *   Affidavit, which sets forth the
                                       *   specific nature and character of
                                       *   any defense and the factual basis
                                       *   therefor.
    Defendant.                         *

## C O M P L A I N T

1. The Plaintiff is  SYNOPTEK, INC.

2. The Defendant, PHILLIPS & COHEN ASSOCIATES, LTD.,  has a place of business of 1002 Justison Street, Wilmington, DE 19801.

3. The aforesaid Defendant  owes  the aforesaid Plaintiff  the principal sum of $40,425.69, plus interest at the rate of 18% per annum from January 17, 2017, plus reasonable attorney fees,  pursuant to a debt, note, contract, deficiency balance and/or legal obligation identified further as Exhibit "A" annexed hereto.

4. No part of the aforesaid debt has been paid at the time of the filing of this suit despite numerous demands made by the Plaintiff.

Wherefore, the Plaintiff demands Judgment against the aforesaid Defendant in the

amount of $40,425.69 plus interest at the rate of 18% per annum from January 17, 2017,plus reasonable attorney fee,  together with costs.


*/s/Edward T. Ciconte*
 Edward T. Ciconte (DE 249)
**CICONTE SCERBA LLC**
1300 King Street
Wilmington, DE  19801
(302)658-7101
eciconte@cskdelaw.com
**Attorney for Plaintiff**



PL5 - CL17080

EFiled:  Aug 11 2017 03:06PM EDT
Transaction ID 60973963
Case No. N17C-08-194 JAP

# EXHIBIT A

 EarthLink®

# Agreement for Service (AFS)

## CUSTOMER INFORMATION

| Customer | PHILLIPS & COHEN ASSOCIATES, LTD. |
|---|---|
| Address | 1002 JUSTISON ST |
| | WILMINGTON, DE  19801-5148 |
| Telephone | 888-608-1766 |
| Email | amozzo@phillips-cohen.com |
| Authorized Contact | Anthony Mozzo |

## EARTHLINK BUSINESS INFORMATION

| Quote ID | 116011 |
|---|---|
| Date | 6/15/2015 |
| Account Executive | Clark Currier (270512) |
| Association | |
| Sub Agent ID | 96219 |
| Term Plan | 3 Year(s) |
| Tax Exempt | No |

## LOCATION SUMMARY

| Location | Site NRC | Site MRC |
|---|---|---|
| Quebec Office | | $524.45 |
| Colorado Office | | $773.51 |
| North American Headquarters | | $1,626.39 |
| Rochester Datacenter | | $658.36 |
| Wilmington - IP Sec for Comcast | | $636.95 |
| * See below for details    Totals | $0.00 | $4,219.66 |

Quote ID: 116011
EarthLink Business AFS Page 1 of 8

 EarthLink

## Location, Product and Service Details

### Location: Quebec Office
1 Ave Holiday   Pointe-Claire Qubec QC H9R5N3

**Quebec Office**

| Product | Qty | Unit Price | Site NRC | Site MRC | Usage Rate |
|---|---|---|---|---|---|
| Complete Data | | | | | |
| **Equipment** | | | | | |
| Equipment Maintenance Fee | 1 | $6.95 | | $6.95 | |
| **Private Data Networking** | | | | | |
| MPLS Service IPsec 50M | 1 | $517.50 | | $517.50 | |
| MPLS IPSEC Install Fee | 1 | | | | |
| Maintained Router | 1 | | | | |
| **Access** | | | | | |
| Customer Provided Access | 1 | | | | |
| | | | | **$524.45** | |

### Location: Colorado Office
6755  EARL DR  COLORADO SPRINGS CO 80918-1041

**Colorado Office**

| Product | Qty | Unit Price | Site NRC | Site MRC | Usage Rate |
|---|---|---|---|---|---|
| Complete Data | | | | | |
| **Equipment** | | | | | |
| Equipment Maintenance Coverage | 1 | $12.95 | | $12.95 | |
| **Private Data Networking** | | | | | |
| MPLS Service 10M | 1 | $400.00 | | $400.00 | |
| Monitored Router | 1 | | | | |
| Ethernet Installation Fee | 1 | | | | |
| **Access** | | | | | |
| Access EoC 10M | 1 | $360.56 | | $360.56 | |
| | | | | **$773.51** | |

### Location: North American Headquarters
1002  JUSTISON ST  WILMINGTON DE 19801-5148

**North American Headquarters**

| Product | Qty | Unit Price | Site NRC | Site MRC | Usage Rate |
|---|---|---|---|---|---|



Complete Data
**Equipment**
| | | | | |
|---|---|---|---|---|
| Equipment Maintenance Coverage | 1 | $12.95 | | $12.95 |

**Private Data Networking**
| | | | | |
|---|---|---|---|---|
| MPLS Service 20M | 1 | $413.44 | | $413.44 |
| Monitored Router | 1 | | | |
| Ethernet Installation Fee | 1 | | | |

**Access**
| | | | | |
|---|---|---|---|---|
| Access Ethernet 20M | 1 | $1,200.00 | | $1,200.00 |
| | | | | **$1,626.39** |

## Location: Rochester Datacenter
1100 Pittsford Victor Rd   Pittsford NY 14534

### Rochester Datacenter

| Product | Qty | Unit Price | Site NRC | Site MRC | Usage Rate |
|---|---|---|---|---|---|
| Data Center Connect | | | | | |
| **Private Data Networking** | | | | | |
| Datacenter Connect 100MB | 1 | $448.88 | | $448.88 | |
| Datacntr Connect Setup Fee | 1 | | | | |
| Data Center Connect Monitoring | 2 | | | | |
| Datacntr Connect Protect 100MB | 1 | $209.48 | | $209.48 | |
| Dc Protected Path Setup Fee | 1 | | | | |
| | | | | **$658.36** | |

## Location: Wilmington - IP Sec for Comcast
1002 JUSTISON ST WILMINGTON DE 19801-5148

### Wilmington - IP Sec for Comcast

| Product | Qty | Unit Price | Site NRC | Site MRC | Usage Rate |
|---|---|---|---|---|---|
| Complete Data | | | | | |
| **Equipment** | | | | | |
| Equipment Maintenance Fee | 1 | $6.95 | | $6.95 | |
| **Private Data Networking** | | | | | |
| MPLS Service IPsec 100M | 1 | $630.00 | | $630.00 | |
| MPLS IPSEC Install Fee | 1 | | | | |
| Maintained Router | 1 | | | | |
| **Access** | | | | | |
| Customer Provided Access | 1 | | | | |
| | | | | **$636.95** | |

**Totals for All Locations**

Quote ID: 116011
EarthLink Business AFS Page 3 of 8

 EarthLink

| Total MRCs | $4,219.66 |
|------------|-----------|
| Total NRCs | $0.00 |



**AGREEMENT FOR SERVICE:** By signing this Agreement for Service ("**AFS**"), the Customer signing below ("**Customer**") hereby orders from EarthLink Business the products/services listed above (each a "**Service**" and collectively, the "**Services**") for the Service Term specific above.   For purposes of this AFS, "**EarthLink Business**" means one or more subsidiaries of EarthLink, Inc. that is/are certified to provide the Service(s) in the applicable state(s).

Service(s) ordered hereunder shall be subject to the terms set forth in this AFS, the Standard AFS Terms and Conditions and any applicable tariffs and rate sheets, each incorporated amendment, exhibit, schedule or other attachment and associated documents referred to and available at www.earthlinkbusiness.com ("**Company Website**") each such document is expressly incorporated herein by this reference. If a tariff for your state is not posted, you may check with your State's public service commission or relevant authority. The Standard AFS Terms and Conditions and applicable tariffs include, among other matters, limitations of warranties, exclusion of consequential, and other special damages and other limitations of liability, payment terms, an Early Termination Fee in the event of termination of any Services prior to the end of the specified Term and an agreement to binding arbitration in the event of a dispute. By your signature you warrant that you have read, understand and agree to the terms and conditions herein referenced and acknowledge that you are authorized to sign this AFS and order the Service(s). This AFS may only be amended, modified or supplemented by an instrument in writing executed by an authorized representative of each party and specifically stating that the parties intend to modify, amend or supplement this AFS. Provision of the Service(s) by EarthLink Business will be deemed an acceptance of this AFS in the absence of a signature.

Without limiting the foregoing, Customer acknowledges: All invoices are due and payable within thirty (30) days from the date of invoice; Customer shall be responsible for ensuring compliance with any and all applicable laws and regulations concerning its use of the Service(s); and Customer shall bear the risk of loss arising from any unauthorized or fraudulent use of the Service(s) unless such fraud resulted from the gross negligence or willful misconduct of EarthLink Business.

**AGENCY.** You hereby designate EarthLink Business as your agent to request your service record information from your current telecommunications service provider.

**CREDIT APPLICATION:**  Customer's execution of this AFS, constitutes authorization for EarthLink Business to obtain credit information from any credit bureau or other investigative agency pertaining to the credit and financial condition of Customer.   Customer understands that, as a result of this credit review, it may be required to submit a cash deposit or guaranty in order to receive the Services.

**CUSTOMER PROPRIETARY NETWORK INFORMATION NOTICE AND AUTHORIZATION:**
EarthLink Business, its affiliates and its successors-in-interest are committed to protecting the confidentiality of your telecommunications service information. This information is known as Customer Proprietary Network Information ("CPNI"). Under federal law, you have a right and we have a duty to protect the confidentiality of your CPNI.

CPNI is information that relates to the quantity, technical configuration, type, destination, location, and amount of use of a telecommunications service subscribed to by you and that is made available to us solely by virtue of our carrier-customer relationship. It includes information contained in your bills pertaining to the telecommunications services we provide to you but does not include information derived from non-telecommunications services we provide to you.

In order to better serve your communications needs and to develop, identify, offer and provide you with advanced communications-related products and services, including some that may be different from the class of service we already provide to you, we may access and use your CPNI and share it with our affiliates, agents, partners, vendors, contractors and their subsidiaries. By signing this AFS, either manually or by e-signature, you consent to our access, use and sharing of CPNI as described above. This consent is valid until revoked by you.

To limit or revoke consent at any time, you must use one of the following methods: (1) completing the opt out form at www.earthlinkbusiness.com/optout; (2) contact Customer Service at (855) EL-Care-1 (or (3) notify us in writing at EarthLink Business, 2150 Holmgren Way, Green Bay, WI 54304. You must provide the following information: (i) your name; (ii) service billing address; (iii) ten-digit telephone number(s); and (iv) service account number. If we do not hear from you within 30 days of signing this AFS, we will assume you do not wish to opt-out. Your decision will not affect the provision of services you receive from EarthLink Business.

CONTACT INFORMATION
**Authorized Contact:** Anthony Mozzo.
**Alternative Contact Phone Number:**

Quote ID: 116011
EarthLink Business AFS Page 5 of 8



**For and on behalf of: PHILLIPS & COHEN ASSOCIATES, LTD.**

Signed: _____

Name (please print): Howard Enders

Title: President

Address for Legal Notices: 1002 Justison St

Attention: Wilmington DE 19801

Fax Number for Legal Notices: _____

Billing Address:
(if different from legal address specified above) _____

Billing Contact email address: amazzoa@phillips-cohen.com

Billing Telephone No.: 888-608-1766

Date: 6-30-15

**For and on behalf of: EarthLink Business**

Signed: _____

Name (please print): Clark Curried

Title: Channel Manager

Date: 6/30/15

Services are subject to the Acceptable Use Policy, to the extent applicable. Services are not available for resale or use by auto dialers, telemarketers, dial-up internet service providers, call centers and similar type of businesses. In the event that EarthLink Business determines that the above-noted Customer is such a company, EarthLink Business shall be entitled to either (i) terminate any such Service, (ii) charge the Customer measured service rates, or (iii) charge an additional fee per call retroactive to the Billing Activation Date.

Access services are subject to availability.   Additional charges may be incurred for circuit expedites, extended demarc, special scheduling at customer request, or circuit redesign. This quote is firm for thirty (30) days from the date specified above unless indicated differently herein and shall become binding upon execution by you and acceptance by EarthLink Business. Alterations or changes after thirty (30) days may be made at the discretion of EarthLink Business without notice.

Quote ID: 116011
EarthLink Business AFS Page 6 of 8



**Important 911 and E911 Disclosure and Notice**

The Federal Communications Commission ("FCC") requires that EarthLink Business, like all Voice Over Internet Protocol ("VoIP") service providers, inform its customers of any differences between the 911 and E911 access capabilities available with EarthLink Business VoIP Services (the " VoIP 911 and E911 Service") as compared to the 911 and E911 access capability available with traditional wireline non-VoIP telephone service. A copy of the FCC order containing the disclosure rules is available at http://www.fcc.gov/cgb/voip911order.pdf. It is important that you understand how these differences affect your ability to access 911 and E911 services. For purposes of this Notice, "EarthLink Business" means the subsidiary or subsidiaries of EarthLink, Inc. that provide(s) VoIP Services in the applicable state(s). If you have any questions or concerns about the information contained in this Notice, please contact a Customer Care Representative at 1-800-239-3000.

The FCC's rules also require us to obtain and keep a record on file showing that you have received and that you understand this 911 and E911 Notice. If we do not receive your reply promptly, we may be required by FCC rules to suspend your service until we do receive your reply.

By executing this Notice, you are affirmatively acknowledging that (i) you have read and understood this 911 and E911 Notice, (ii) you understand that you may not be able to contact emergency services by dialing 9-1-1 using the VoIP 911 and E911 Service, and (iii) you understand that you must inform users of the VoIP Services that they may not be able to contact emergency services by dialing 9-1-1 using the VoIP 911 and E911 Service.

- **EARTHLINK BUSINESS VOIP 911 AND E911 SERVICES MAY NOT OPERATE DURING A POWER OUTAGE.** You understand and acknowledge that the VoIP 911 and E911 Service will not function in the event of a power failure or disruption. Should there be an interruption in the power, the VoIP Services, including the VoIP 911 and E911 Service, will not function until power is restored and your equipment may need to be reset.

- **EARTHLINK BUSINESS VOIP 911 AND E911 SERVICES WILL NOT OPERATE IF YOUR BROADBAND CONNECTION IS DISRUPTED.** You understand and acknowledge that service outages, interruptions or degradation, or termination or suspension for any reason, of service by your broadband provider and/or ISP or by EarthLink Business will prevent you from using the VoIP Services, including the VoIP 911 and E911 Service.

- **EARTHLINK BUSINESS VOIP 911 AND E911 SERVICE CALLS MAY NOT COMPLETE OR MAY BE ROUTED TO EMERGENCY PERSONNEL WHO WILL NOT BE ABLE TO ASSIST IF YOU DISABLE, DAMAGE OR MOVE THE EQUIPMENT TO A LOCATION OTHER THAN THE REGISTERED ADDRESS YOU PROVIDED TO EARTHLINK BUSINESS WHEN SERVICE WAS INITIATED.** You understand and acknowledge that VoIP 911 and E911 Service will not function if you move your device to a different street address or location other than your Registered Address. You also acknowledge that it may take several days for any change in address to be processed. Accordingly, you should notify EarthLink Business in advance of any and all changes to your Registered Address by contacting a Customer Care Representative at 1-800-239-3000. Failure to provide the current and correct physical address and location of your device may result in any 911 call you make being routed to the incorrect local emergency service provider and emergency personnel being dispatched to the incorrect location.

- **EMERGENCY PERSONNEL MAY NOT BE ABLE TO IDENTIFY YOUR PHONE NUMBER IN ORDER TO CALL YOU BACK.** You understand and acknowledge that public safety answering point ("PSAP") and emergency personnel may not be able to identify your phone number in order to call you back if the call cannot be completed, is dropped or disconnected and/or if your VoIP 911 or E911 Service is not operational for any reason.



- **EARTHLINK BUSINESS VOIP 911 AND E911 SERVICE CALLS MAY BE DELAYED OR DROPPED DUE TO NETWORK ARCHITECTURE.** You understand and acknowledge that, due to technical constraints, there is a greater possibility of network congestion and/or reduced speed in the routing of a 911 call made utilizing your equipment as compared to 911 dialing over traditional non-VoIP public switched telephone networks.

- **IN ADDITION, YOU SHOULD MAINTAIN ALTERNATE MEANS OF CONTACTING 911 AND E911 SERVICES AND YOU MUST INFORM USERS OF EARTHLINK BUSINESS VOIP 911 AND E911 SERVICE OF THESE ALTERNATE MEANS.** You will receive a set of stickers explaining 911 and E911 service limitations and these stickers should be placed on or near the equipment you use to access the VoIP 911 and E911 Service. If you require additional stickers, please contact a Customer Service Representative at 1-800-239-3000.

IN NO EVENT SHALL EARTHLINK BUSINESS, ITS PARENT COMPANY, OR ITS AFFILIATES, OFFICERS, DIRECTORS, EMPLOYEES, REPRESENTATIVES, AGENTS OR ANY OTHER THIRD-PARTY PROVIDER OR VENDOR WHO MAY FURNISH SERVICES OR PRODUCTS TO YOU IN CONNECTION WITH THE VOIP SERVICES OR THE EQUIPMENT BE HELD LIABLE FOR ANY CLAIM, DAMAGE, OR LOSS WHATSOEVER ARISING FROM OR RELATING TO 911 DIALING AND YOU HEREBY WAIVE ANY AND ALL SUCH CLAIMS OR CAUSES OF ACTION ARISING FROM OR RELATING TO 911 DIALING.

EARTHLINK BUSINESS DOES NOT HAVE ANY CONTROL OVER WHETHER, OR THE MANNER IN WHICH, 911 CALLS USING THE VOIP SERVICES ARE ANSWERED OR ADDRESSED BY ANY LOCAL EMERGENCY RESPONSE CENTER. EARTHLINK BUSINESS DISCLAIMS ALL RESPONSIBILITY FOR THE CONDUCT OF LOCAL EMERGENCY RESPONSE CENTERS AND THE NATIONAL EMERGENCY CALLING CENTER. EARTHLINK BUSINESS RELIES ON THIRD PARTIES TO ASSIST EARTHLINK BUSINESS TO ROUTE 911 CALLS TO LOCAL EMERGENCY RESPONSE CENTERS. EARTHLINK BUSINESS DISCLAIMS ANY AND ALL LIABILITY OR RESPONSIBILITY IN THE EVENT SUCH THIRD PARTY DATA USED TO ROUTE CALLS IS INCORRECT OR YIELDS AN ERRONEOUS RESULT.

I acknowledge that I have received, read and understand this 911 and E911 Disclosure and Notice. I represent that I am an authorized representative of the company identified below to execute this Notice on behalf of such company.

Entity Name: _Phillips and Cola Associates_

Signed: _[signature]_

Printed Name: _Howard Enders_

Title: _President_

Date: _6/30/15_

Quote ID: 116011
EarthLink Business AFS Page 8 of 8





**ADDENDUM TO**
**AGREEMENT FOR SERVICE**

THIS ADDENDUM ("Addendum") is entered into between the Customer identified below ("Customer") and EarthLink Business ("EarthLink Business") and amends the Agreement for Service, the Network Service Agreement or any other applicable agreement for the provision of services entered into by Customer with the applicable EarthLink entity and any applicable tariffs, which are specifically incorporated into this Agreement by this reference. ("Agreement") dated concurrently herewith between EarthLink Business and Customer as provided below.

1. The following provisions, as applicable, are in addition to or amend and restate in their entirety the applicable provisions from the Standard AFS Terms and Conditions portion of the Agreement:

   One Month Free Credit. By Customer signing this Agreement, EarthLink Business will give Customer a One Month Free Credit in the amount of $4,219.66 to be applied to Customers third (3ʳᵈ) Month Invoice with the understanding that should Customer terminate this Agreement prior to the end of term Customer will be responsible for the $4,219.66 Credit plus any other fees that should apply.

2. Except to the extent set forth above or in any other Addendum mutually agreed by the parties, all of the terms and conditions of the Agreement remain in full force and effect and have not been amended or modified in any respect.

3. Capitalized terms used herein but not otherwise defined have the meaning assigned to such terms in the Agreement.

4. This Addendum is not effective until executed by an authorized representative of each party.

   IN WITNESS WHEREOF, EarthLink Business and Customer have executed this Addendum to the Agreement, by their duly authorized representatives, on the day and year indicated below.

Quote ID:   116011 _____

Customer:   Phillips & Cohen Associates, Ltd.      Address:   1002 Justison St., Wilmington, DE 19801-5148

_____            _Howard Enders_            _6/30_
Customer Signature                 Print Name/Title           Date

_____            _____            _____
EarthLink Business Signature       Print Name/Title           Date
Must be signed by Branch Manager or
Officer

                                                              _6/30/15_

EarthLink Business, LLC  Confidential
Rev Date:  January 2014          © 2014 EarthLink Business, LLC          All Rights Reserved



**ADDENDUM TO**

**AGREEMENT FOR SERVICE**

THIS ADDENDUM ("Addendum") is entered into between the Customer identified below ("Customer") and EarthLink Business and/or its affiliates ("EarthLink") and amends the Agreement for Service, the Network Service Agreement or any other applicable agreement for the provision of services entered into by Customer with the applicable EarthLink entity and any applicable tariffs, which are specifically incorporated into this Agreement by this reference. ("Agreement") dated concurrently herewith between EarthLink and Customer as provided below.

1. The following provisions, as applicable, are in addition to or amend and restate in their entirety the applicable provisions from the Standard AFS Terms and Conditions portion of the Agreement:

    EarthLink Hosted Contact Center Trial. By Customer signing this addendum, EarthLink and Customer both agree to a thirty (30) day Hosted Contact Center Trial for two (2) IP Phones (Polycom VVX310) and two (2) Premium HCC Agents. Pricing is reflected on the Attached AFS. Pricing will be applied and effective on the Service accepted date of each location (if applicable) and charges will be credited on bill each month of the Trial.

    On day thirty-one (31), Customer will inform EarthLink of a pass or fail of the Trial. If the Trial has passed, Customer may elect to retain the Service. However, on day thirty-one (31), should Customer or EarthLink decide not to proceed, then Services will be disconnected. If applicable, Customer will be responsible for returning all Hosted Contact Center Trial Equipment associated to the Trial within thirty (30) days. Should Customer fail to return the Hosted Contact Center Trial Equipment, EarthLink will bill Customer for any Waived Installation Charges, if applicable, and Fair Market Value on the Equipment on the next billing cycle.

2. Except to the extent set forth above or in any other Addendum mutually agreed by the parties, all of the terms and conditions of the Agreement remain in full force and effect and have not been amended or modified in any respect.

3. Capitalized terms used herein but not otherwise defined have the meaning assigned to such terms in the Agreement.

4. This Addendum is not effective until executed by an authorized representative of each party.

    IN WITNESS WHEREOF, EarthLink and Customer have executed this Addendum to the Agreement, by their duly authorized representatives, on the day and year indicated below.

Quote ID:  116011

Customer: Phillips & Cohen Associates, LTD.          Address: 1002 Justison St, Wilmington, DE

_____          Anthony Mozzo          6/17/15
Customer Signature                Print Name/Title        Date

_____          Channel Manager          6/30/15
EarthLink Signature               Print Name/Title        Date
Must be signed by Branch Manager or Officer

Rev Date: March 2015          EarthLink Business, LLC Confidential
© 2015 EarthLink Business, LLC          All Rights Reserved

1

 **EarthLink**

**STANDARD AGREEMENT FOR
SERVICE TERMS AND CONDITIONS**

**1. Scope.** These terms and conditions of service ("**Terms**") apply to the provision of services to Customer as set forth in the applicable Agreement for Services ("**AFS**")provided by EarthLink Business, LLC, its subsidiaries and/or affiliates ("**EarthLink**") and are governed by these Terms, any Master Services Agreement, any IT Service Order Form, any Statement of Work ("**SOW**"), any applicable tariff(s), any applicable Supplemental Terms and Conditions, Customer Experience Guide and/or Service Level Agreement (collectively, "**Service**" or "**Services**") that may apply to such Service(s), and each incorporated amendment, exhibit, schedule or other attachment and associated documents referred to and available at www.earthlinkbusiness.com ("**Company Website**") (collectively referred to as the "**Agreement**"). Optional features associated with the Service(s) that Customer may activate or deactivate and for which no additional charges apply may not be reflected on the AFS. EarthLink reserves the right to modify its AFS, tariffs, rate sheets, these Terms and any documentation corresponding to the applicable Service posted on the EarthLink Website.

1.2 Customer authorizes EarthLink to accept executed documentation by e-mail, facsimile or other electronic transmission and an electronically stored copy (i.e. PDF or fax) shall serve the same purpose as an original document.

1.3 The obligation of EarthLink to provide the Services to Customer is subject to EarthLink's review of Customer's credit status. Customer's execution of the Agreement constitutes authorization for EarthLink to obtain credit information from any credit bureau or other investigative agency pertaining to the credit and financial condition of Customer. Customer understands that, as a result of this credit review, EarthLink may, in its sole discretion, terminate this Agreement without penalty. Customer may be required to submit a cash deposit, guaranty or other financial assurance satisfactory to EarthLink in order to receive the Services. In addition, in the event that EarthLink determines, in good faith, that the creditworthiness of Customer has materially deteriorated at any time during the term of this Agreement, EarthLink reserves the right to require from Customer a cash deposit or such other security as EarthLink may reasonably require.

**2. Service Term and Renewal.** The term with respect to each Service shall begin on the date the Service is available for use by Customer (the "**Service Commencement Date**") and shall continue for a period of months thereafter as set forth in the AFS, unless earlier terminated in accordance with the terms of this Agreement or the AFS ("**Service Term**"). The Service will be deemed available for use, and billing will commence, after the underlying facility has been delivered and/or installed per the product specific schedule at the service address, whether or not the Service(s) have been activated, but only in the event that such delay in the activation of the Service(s) is caused by Customer or its agents. The Service Term shall automatically renew on a month-to-month basis at EarthLink's then current month-to-month rates until either Party terminates the Service(s) by giving the other Party not less than thirty (30) days prior written notice of termination. Customer must provide thirty (30) days prior written notice for termination of any circuit, facility and/or service. If no term is set forth in the AFS, the Service Term will be one (1) year.

**3. Service Availability and Installation.** EarthLink makes no representation or warranty as to when Service will commence and will use commercially reasonable efforts to initiate Service as soon as possible. Customer understands and acknowledges that Service initiation is dependent upon the actions of third parties not under the control of EarthLink. Once installed, Services will be available 24 hours a day, 7 days a week, in accordance with the applicable Service Level Agreement ("**SLA**") posted at www.earthlinkbusiness.com, except for scheduled preventive maintenance or for unscheduled emergency maintenance. Additional fees may apply for unscheduled maintenance requested by Customer, including any after hours or custom installation requests. Under no circumstance shall EarthLink be liable to Customer or any third party for damages arising from delays in commencement of Service, loss of information, numbering or directory listing errors, or loss of business.

3.1 EarthLink may be required to obtain "last-mile" or "local loop" facilities from the Local Exchange Carrier operating in each LATA or underlying access provider ("**LEC**") in order to provision the Services. EarthLink charges to the Customer may include rates charged by the LEC, and are subject to change upon notice to Customer. Customer is responsible for its own facilities and any equipment, service or applications not ordered from EarthLink required to provide the Service, and any installation delay caused because such facilities, equipment, service or application are not installed or fully functional by the scheduled installation date, or any other Customer cause, will not relieve Customer of its obligations to pay for the Services as of the Service Commencement Date, which will be deemed to be the original scheduled installation date. EarthLink cannot guarantee rates from third-party providers until orders are placed and a firm order commitment date ("**FOC**") is confirmed. If, prior to FOC, the rate(s) for the underlying facility change from the rate used in calculating the price reflected in the AFS, then EarthLink may revise the pricing provided to Customer, including all resulting monthly recurring charges ("**MRC**") and/or non-recurring charges ("**NRC**") and will provide Customer with notice of such new pricing for approval to proceed with the installation of Service. During the installation process and based upon the Customer's needs and/or requests, EarthLink and Customer agree to accept any Services that are added and/or changed via phone or email. Any additional Services installed will be billed at the standard rate unless pricing addendums have been executed. After Customer signs this Agreement, the order will progress toward Service

 **EarthLink**

**STANDARD AGREEMENT FOR
SERVICE TERMS AND CONDITIONS**

Activation. In order for EarthLink to ensure that the Services being provided are configured in such a manner to meet Customer requirements and installation, it is possible that additional information and communications with the Customer or their designated contact will be required. Additional information required may include, but not be limited to, the Customer's physical address, physical building, existing and ordered equipment as well as configuration data needed for Service Installation. The Customer or its designated contact agrees they will be available to provide such information as needed in a timely manner when identified. However, if before Service Activation, EarthLink is delayed in implementation of the Services due to Customer's lack of response to provide this needed information, EarthLink reserves the right to notify Customer in writing that the order is being delayed due to the Customer's inaction. If the additional information is not provided within ten (10) business days of such notice, EarthLink may begin billing the full amount of the MRC or some portion thereof, or may elect to deem the Customer in breach of the Agreement and apply the Cancellation Fee and cancel the order in process.

3.2 In the event the NRC or MRC associated with the delivery and installation of the underlying facility and establishment of Service exceeds the price quoted in the AFS, or special construction or equipment for the provider of the underlying facility is necessary, resulting in additional charges that Customer does not want to incur, Customer may cancel the Services without a Cancellation Fee (as set forth below in Section 8) by providing written notice to EarthLink to cancel within ten (10) days of receipt of notice of such price change.

3.3 Except for standard Service installation, repair and maintenance provided with the Services, Customer shall be responsible for any time and material charges associated with the dispatch of EarthLink personnel, sub-contractors or suppliers to Customer premises necessary to provide repair to Services resulting from a Customer caused service interruption. EarthLink shall use all commercially reasonable efforts to notify Customer of any such costs in advance.

**4. Customer Premises Equipment.** EarthLink reserves the right to deliver the Services using such delivery technology and/or facilities as it chooses and Customer acknowledges that the delivery of the Services over certain technologies may require the installation of specific equipment at Customer premises, including all EarthLink provided hardware which may include, without limitation, phones, switches, modems, routers and originally-supplied router parts and materials, provided and owned by EarthLink ("**CPE**"). Customer shall not make any physical modification, or permit third party access to, the EarthLink CPE without prior written consent of EarthLink. In the event that the CPE is accessed by entities other than EarthLink or their agents due to the actions of the Customer, the Customer shall reimburse EarthLink for any costs incurred to repair and return the CPE to its original condition. Additionally should these actions cause loss, damages or liabilities to EarthLink, Customer will be solely responsible to compensate EarthLink for the loss, damage or liability. Upon termination of any Service or the AFS, Customer's right to use the CPE will immediately end and Customer shall return the CPE to EarthLink within thirty (30) days of such termination. In the event that Customer fails to return such CPE to EarthLink (or, at EarthLink's option, to permit recovery of CPE by EarthLink) in good working order, reasonable wear and tear excepted, Customer shall be responsible for the full replacement cost of the CPE and shall pay EarthLink all charges associated with the recovery of that equipment. For avoidance of doubt, the foregoing CPE conditions do not apply with respect to routers or IP PBX systems purchased by Customer from EarthLink. All CPE provided and owned by EarthLink will, at all times, remain the property of EarthLink. Customer shall not (a) reverse engineer, disassemble, decompile or otherwise attempt to recreate the CPE configurations, or modify, translate, adapt, alter or create derivative works therefrom, (b) reproduce, publish, display, distribute, disclose, or otherwise make available the CPE configurations, or any part thereof; (c) use the CPE for any purposes other than those explicitly stated herein. Customer is at all times responsible for properly maintaining the safety and security of the CPE installed at the customer premises. Customer shall bear the risk of loss arising from any unauthorized or fraudulent use of the CPE unless such fraud resulted from the gross negligence or willful misconduct of EarthLink. Customer shall pay the reasonable time and materials cost incurred by EarthLink to gain access to the hardware, troubleshoot the hardware, reconfigure the hardware and/or replace the hardware.

4.1 CUSTOMER SHALL DEFEND AND INDEMNIFY EARTHLINK FROM ANY AND ALL CLAIMS, ACTIONS, LOSSES, DAMAGES, (INCLUDING REASONABLE ATTORNEYS' FEES) ARISING OUT OF THE PURCHASE, POSSESSION, OPERATION, CONDITION, RETURN, USE OR MISUSE OF THE CPE, THE SOFTWARE OR BY OPERATION OF LAW, EXCLUDING, HOWEVER, ANY OF THE FOREGOING RESULTING SOLELY AND DIRECTLY FROM THE NEGLIGENT OR WILLFUL ACTS OF EARTHLINK, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW.

**5. Termination for Default.** Customer shall be in default of this Agreement in the event it (a) knowingly provides materially inaccurate, false or otherwise misleading information in an application for Service; (b) utilizes any Service for any unlawful purpose or for any purpose other than that for which the Service is designed and intended by EarthLink; (c) utilizes any Service in violation of Section 6 herein; (d) has an outstanding balance which remains uncured as set forth in Section 7.2; (e) becomes the subject of an involuntary or voluntary petition in bankruptcy or any involuntary or voluntary proceeding relating to insolvency, receivership, liquidation, or composition for the benefit of creditors, if such petition or proceeding is not dismissed within sixty



**STANDARD AGREEMENT FOR
SERVICE TERMS AND CONDITIONS**

(60) days of filing; or (f) materially violates any provision of EarthLink' Acceptable Use Policy ("AUP"). Notwithstanding any other remedies that EarthLink may have available at law or in equity, in the event of any Customer default which is not cured within thirty (30) days of Customer's receipt of written notice thereof, EarthLink may terminate the Agreement without further notice and immediately discontinue any and all Services provided to Customer Nothing contained herein shall relieve Customer of its obligations to pay EarthLink for all Services provided including any Early Termination Fees ("ETF") (as set forth in Section 9 below).

5.1 The Parties agree that, in the event of a decision or ruling by a court or regulatory authority at the federal, state or local level, with competent jurisdiction over such matters, that materially affects the rights or obligations of either Party arising out of this Agreement, the Parties will negotiate in good faith to modify this Agreement in light of such decision. Should said decision or ruling prohibit EarthLink from furnishing the Services, then either Party may terminate this Agreement upon notice to the other Party without further liability hereunder, except for Customer's liability to pay for Services provided through the effective date of such termination.

5.2 Customer may terminate the Agreement in the event that EarthLink is in material breach of its obligations and such breach remains uncured for a period of thirty (30) days from the date that EarthLink receives written notice thereof from Customer. In such case, Customer shall not incur any termination liability for the termination of the affected Service but shall be obligated to pay for Services rendered prior to the effective date of such termination.

5.3 **Business Downturn.** Notwithstanding any provision of this Agreement to the contrary, twelve (12) months following the Service Commencement Date, Customer may permanently close one (1) service location due to a downturn in its business and/or adverse change in its financial condition without incurring the applicable ETF, but will be liable for any documented expenses incurred by EarthLink in discontinuing any third party services or circuits used in providing the Service. Customer may utilize this provision only if: (i) Customer's account with EarthLink is current, (ii) Customer provides EarthLink with at least sixty (60) days prior written notice of the termination date, and (iii) the termination of Service is not due to a transfer of any portion of the Service to another provider. In any such event, however, Customer shall remain liable for the cost of the Services through the effective date of the termination.

5.4 **Chronic Downtime.** In the event that a specific circuit element at a particular Service location ("Affected Service") experiences (i) three (3) or more occurrences of repairs during a given month not resulting from a Customer caused impairment or (ii) three or more violations of the same Network Availability SLA Objective within a given month ("Chronic Downtime"), Customer may request an escalation of repair by emailing customercare@earthlinkbusiness.com. Upon receiving Customer's request, EarthLink will have fifteen (15) business days to evaluate and prescribe a resolution, including a reasonable timeline to complete the prescribed repairs ("Cure Period"). If EarthLink is unable to resolve the Chronic Downtime within the Cure Period, Customer may terminate the Affected Service with thirty (30) days written notice to EarthLink without incurring an early termination fee ("ETF") Customer will remain obligated to pay for all Services received through the actual termination date.

6. **Use of Service.** Customer shall use the Service in compliance with, and subject to, all applicable government codes, ordinances, laws, rules and regulations, applicable tariff, and, in the case of Internet services, the AUP, and any additional documentation corresponding to the applicable Service posted on the EarthLink Website. Customer shall secure, prior to the delivery of the Service, and maintain in full force and effect during the applicable Service Term, any and all necessary approvals, consents, rights of way, permits, franchises, licenses or similar approvals from all governmental and other authorities which are necessary or required to be obtained by the Customer in connection with the Services.

6.1 Customer shall not (a) use, or attempt to use, any Service for any fraudulent, unlawful, improper, harassing, excessive, harmful, or abusive purpose, in violation of the AUP or applicable tariff, and Customer shall at all times be responsible for ensuring compliance with any of its calling party identifying information, including but not limited to calling party name and calling party number; (b) resell or attempt to resell any aspect of the Service without the prior written consent of EarthLink, whether for profit or otherwise; (c) use the Services as an auto dialer, telemarketer, dial-up Internet service provider, call center or other similar types of business. Customer shall indemnify and hold EarthLink harmless for any costs incurred by EarthLink relating to such improper use, including, but not limited to, any fines imposed upon EarthLink by a governmental or regulatory body. If EarthLink suspects a violation of this provision, EarthLink may: (i) begin legal action (notwithstanding the provisions of Section 17 of this Agreement); (ii) suspend or terminate Service(s) immediately and without prior notice; (iii) suspend or terminate service(s) provided to Customer under any other agreement with EarthLink; and (iv) cooperate with law enforcement in prosecuting offenders. EarthLink may terminate Customer's Service or change Customer's rate plan at any time if EarthLink determines, in EarthLink's sole discretion, that Customer's use of the Service is excessive, unusually burdensome, or unprofitable to EarthLink.

 **EarthLink®**

# STANDARD AGREEMENT FOR
# SERVICE TERMS AND CONDITIONS

6.2 EarthLink may cooperate with law enforcement organizations that have lawfully requested pursuant to a valid subpoena or court order (i) trap and traces, pen registers, wire taps and similar call intercept methods, and (ii) information regarding Customer or any end user of Customer and provide such organizations with any information requested, including, but not limited to, names, email addresses, mailing or contact addresses, IP addresses, telephone numbers, call detail records, or call content. Customer agrees to cooperate with EarthLink in investigating suspected violations.

6.3 Customer shall bear the risk of loss arising from any unauthorized or fraudulent use of the Services unless such fraud resulted from the gross negligence or willful misconduct of EarthLink and EarthLink retains the right to analyze any and all information at its disposal, including credit surveys, call detail records and any other information to confirm unauthorized or fraudulent use. Customer shall pay for unauthorized or fraudulent use of service at EarthLink's highest usage charges applied to network usage and attempted network usage, whether or not a terminating connection was achieved, plus all costs incurred by EarthLink to detect, discover, observe, investigate, analyze, examine and locate the party responsible for unauthorized or fraudulent use.

6.4 EarthLink will restrict (i) calls to 900, 976, 700 numbers and other "pay-as-you-call" services and (ii) international long distance calling functionality from Customer's account originating on the EarthLink provided service (with the exception of Canada or any other country that follows the North American Numbering Plan) with respect to the Services ordered and will only restore such functionality upon request by an authorized representative of Customer. In no event will EarthLink be liable for fraudulent calls originating from Customer owned or operated equipment, for claims arising out of equipment provided by third party vendors that may be installed at the Customer premises in connection with the Services, or for damages associated with or arising from any service, channels, or equipment, which it did not furnish.

6.5 Customer remains responsible for its own network security and security violation response procedures. While a virtual private network ("VPN") or Managed Network Service ordered from EarthLink may enhance Customer's ability to impede unauthorized access to its network and data, and may aid Customer in detecting potential security breaches and network irregularities, Customer understands and acknowledges that no Service is guaranteed to ensure Customer's network security or to prevent security incidents, and that EarthLink is not responsible for any unauthorized third party or Customer employee access to Customer's facilities or data.

6.6 Customer is responsible for informing EarthLink if (i) Customer is a Covered Entity or Business Associate (both as defined in the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); and (ii) Customer Content includes Protected Health Information ("PHI") (as defined in HIPAA). If Customer notifies EarthLink that it is a Covered Entity or Business Associate and that Customer Content includes PHI, then the terms set forth in Section 18 related to compliance with HIPAA will apply. If Customer does not so notify EarthLink, then EarthLink will have no obligation to provide the Services in compliance with HIPAA.

**7. Billing and Payment Terms.** All invoices are due and payable within thirty (30) days from the date of invoice. The prices of the Services contained in your agreement with EarthLink are expressly contingent on payment in the form of ACH, check, or by wire transfer. Any credit card payments in excess of $10,000 or more may be subject to the current fee we charge for this option, subject to any limitations of applicable law. Currently, that fee is 2.0% of the applicable payment. If Customer fails to pay any undisputed amount when due, Customer shall pay interest on such unpaid amount at the rate of one and a half percent (1.5%) per month, or such lesser amount as is the maximum amount permitted under applicable law, until such sum is paid in full. Customer shall notify EarthLink in writing of any charge or amount disputed, in good faith, within sixty (60) days of Customer's receipt of the applicable invoice ("Dispute Notice"). In no event shall Customer's notice of a good faith dispute relieve Customer from its obligation to pay, in full and on time, all undisputed charges and amounts. The Parties shall work in good faith to promptly resolve any billing dispute initiated pursuant to this section. If a dispute is resolved in favor of EarthLink, and Customer has not already paid the disputed amount, Customer will pay such amount to EarthLink, plus any applicable late fees, no later than the due date of the next billing cycle. If a dispute is resolved in favor of Customer, EarthLink will apply a credit in the appropriate amount to Customer's account in the next billing cycle, subject to the billing cycle cut-off date. Credits that miss the billing cycle cut-off date will be applied in the next billing cycle.

7.1 Customer shall notify EarthLink of any billing dispute by sending an email to customercare@earthlinkbusiness.com with "Billing Dispute" in the subject line, which states (i) the date of the disputed invoice, (ii) Customer's account number, (iii) the amount disputed, and (iv) the basis of the dispute ("**Dispute Notice**"), or by contacting a Customer Care Representative at **(855) EL-Care-1.** Instruments tendered as full satisfaction of any debts, must be delivered or sent by registered mail, return receipt requested, to 330 Monroe Ave, Rochester, NY 14607, attn. Legal Department.

 **EarthLink**

**STANDARD AGREEMENT FOR
SERVICE TERMS AND CONDITIONS**

7.2 If any undisputed invoiced amount remains unpaid on the due date, and such default remains uncured ten (10) days after EarthLink provides Customer written notice of such default ("**Suspension Notice**"), EarthLink may immediately suspend the Services, in whole or in part. Following the issuance of a Suspension Notice, EarthLink may terminate all or any part of the Services without further notice to Customer if all outstanding amounts are not paid on or before the scheduled termination date specified in the Suspension Notice. EarthLink shall not suspend service for non-payment provided that Customer provides EarthLink with a Dispute Notice. Neither suspension nor termination of the Service will relieve Customer of any obligation to pay for Services provided prior to suspension and/or termination, or for any amounts that become due as a result of termination.

7.3 Customer will pay the charges for the Services set forth in each AFS and/or SOW ("Charges"), which may include reasonable travel and other out-of-pocket expenses incurred by EarthLink in connection with its performance of the Services. In addition to the MRC and NRC set forth in the AFS, Customer also agrees to pay (i) all applicable federal, state and local taxes (other than taxes on EarthLink net income), imposed on, or with respect to, the Services and any CPE purchased by Customer from EarthLink, (ii) all governmental fees and/or other surcharges in effect from time to time including, but not limited to, Universal Service Fund ("USF"), E-911, state Telephone Relay Service ("TRS") and payphone surcharges, required or permitted by applicable law, rule or regulation, unless and until Customer provides EarthLink with satisfactory evidence of its exemption from such impositions, to be charged to Customer, (iii) Administrative Services Fee, (iv) Access Recovery Charge, (v) fees for special features or services requested by the Customer such as, but not limited to, adds, changes, moves, hunting, directory listing, 800 service, inside wiring/cabling, DMARC extension and custom and after hour installations and (vi) any originating access charges or fees that are charged by the incumbent local exchange carrier to EarthLink as a result of the Service, (vii) and all other similar charges in effect from time to time, however designated.

7.4 **Pricing Changes.** All non-recurring and monthly recurring pricing is based on EarthLink's understanding of technical requirements, scope of support and service expectations provided by Customer and are subject to change based upon discovery of additional or unforeseen requirements, support responsibilities and/or additions of technology components, including, but not limited to, software licenses, server hardware, network equipment and allocations of CPU, memory and disk space. Except as otherwise set forth in an AFS or SOW, the rates and charges may be modified by EarthLink on not less than fifteen (15) days prior notice to Customer.

**8.   Service Cancellation.** Except as set forth in Section 3.1 above or in any applicable Supplemental Terms and Conditions, Customer Experience guide, or other applicable addendum that may apply to such Service(s), in the event this Agreement is terminated by Customer following its execution by Customer but prior to the Service Commencement Date, Customer will be charged a service cancellation fee in an amount equal to (i) one (1) month's MRC for such service multiplied by six (6), plus (ii) the NRC for such Service (whether or not such charge was originally waived), and (iii) any direct, out-of-pocket costs incurred by EarthLink as a result of the service cancellation (including any expedite fees and any cancellation or early termination fees imposed on EarthLink by any underlying service provider that was contracted with to deliver such Service) ("**Cancellation Fee**").

**9.   Service Termination.** Except as set forth in Sections 3.1, 3.2, 5.1, 5.2 and 5.3 above, or in any applicable tariff, Supplemental Terms and Conditions, Customer Experience guide, or other addendum that may apply to such Service(s), for each Service terminated by Customer after the Service Commencement Date, but before the end of the then-current Service Term, or if EarthLink disconnects the Service as a result of a default by Customer, Customer will be assessed an early termination fee ("**ETF**"). Unless otherwise set forth in the applicable tariff, the ETF for each Service terminated by Customer before the end of its then-current Service Term will be an amount equal to the one (1) month's MRC for the Service being terminated multiplied by the number of months remaining in the Service Term, plus any previously provided promotional credits and any expenses incurred by EarthLink, if and where applicable, to discontinue any third party services or circuits used in providing the Service, if and where applicable, and any NRC waived by EarthLink to establish such Service(s). Because damages resulting from early termination would be difficult to determine, the parties agree that the foregoing is a reasonable approximation of such damage and shall be considered a liquidated damage and not a penalty.

9.1 Written Notice of termination **must be received by EarthLink** at least thirty (30) days prior to the termination becoming effective, and may be submitted by mail, registered, or certified mail, return receipt requested to **Customer Care, 2150 Holmgren Way, Green Bay, WI 54304**; or by email with confirmed receipt by EarthLink, to customercare@earthlinkbusiness.com; or by facsimile transmission, with confirmed receipt by EarthLink, **to 1-877-747-1253**. Customer shall notify EarthLink in writing if the Customer contact person is changed. EarthLink reserves the right to reject any Customer termination request received from any person other than the designated Customer contact person.

 **EarthLink®**

**STANDARD AGREEMENT FOR
SERVICE TERMS AND CONDITIONS**

9.2 Customer further acknowledges that it shall be solely responsible for payment of any charges or termination liability levied by Customer's equipment vendor or underlying facility provider associated with any special construction or equipment needed to provide facilities into Customer's premises or the cancellation thereof.

**10. Indemnification.** Customer, to the fullest extent provided by law, shall defend, hold harmless and indemnify EarthLink and its directors, officers, employees, agents, stockholders and affiliates (collectively, Indemnified Parties) from and against all claims, actions, suits, demands, damages, liabilities, obligations, losses, settlements, fines and governmental assessments, judgments, costs and expenses (including, without limitation, reasonable attorney's fees and costs), whether or not involving a third party claim, which arise out of, relate to or result from (1) any breach of any representation or warranty of Customer contained in this Agreement, (2) any breach of any covenant or other obligation or duty of Customer under this Agreement or under applicable law, (3) any alleged or actual claims and damages for physical property damage, personal injury or wrongful death resulting from a defect in or failure to provide any Service or Customer's breach of the Agreement, (4) any violation of the AUP by Customer or Customer's end users or contractors, (5) any loss or unauthorized disclosure of any information deemed to be confidential or proprietary to EarthLink, (6) any claims, demands, suits or causes of action alleging that the Customer has infringed or misappropriated any patent, copyright, trademark, trade secret or other proprietary right; (7) any claims resulting from electronic commerce conducted through Customer's account and the placement or transmission of any message, information, software, audio files or other materials on the Internet; (8) any dispute between Customer and any end user; (9) any damage or destruction to any EarthLink facility, EarthLink property or equipment of third Parties caused by Customer, any end user or any customer equipment; or (10) any tax imposed upon Customer's purchase, receipt or use of the Services.

**11. WARRANTY DISCLAIMER AND LIMITATION OF LIABILITY.** EXCEPT AS MAY BE SET FORTH IN AN APPLICABLE SLA, EARTHLINK DISCLAIMS ALL WARRANTIES, INCLUDING, WITHOUT LIMITATION, ANY IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE AND MAKE NO REPRESENTATIONS OR WARRANTIES, WHETHER EXPRESS, IMPLIED, STATUTORY, ARISING OUT OF ANY COURSE OF DEALING OR USAGE OF TRADE, REGARDING THE DESIGN, CONDITION, QUALITY, CAPACITY OR OTHER ASPECT OF ANY SERVICES, OR ANY COMPONENT THEREOF, INCLUDING, BUT NOT LIMITED TO, SYSTEMS, SOFTWARE, PERSONNEL, PROGRAMMING ASSISTANCE OR CONSULTATION PROVIDED AS PART OF THE SERVICES, THAT THE SERVICES WILL BE UNINTERRUPTED, ERROR FREE OR FREE OF HARMFUL COMPONENTS, THAT ANY CONTENT, INCLUDING CUSTOMER CONTENT, WILL BE SECURE OR NOT LOST OR DAMAGED, AND, TO THE EXTENT NOT PROHIBITED BY LAW, NON-INFRINGEMENT. SERVICE CREDITS UNDER THE APPLICABLE SLA WILL BE THE EXCLUSIVE REMEDY FOR ANY SERVICE DEFECT, SERVICE OUTAGE OR OTHER SLA VIOLATION. NEITHER PARTY SHALL BE LIABLE TO THE OTHER PARTY FOR ANY INDIRECT, INCIDENTAL, CONSEQUENTIAL OR PUNITIVE DAMAGES (INCLUDING, WITHOUT LIMITATION, DAMAGES FOR LOST PROFITS, BUSINESS INTERRUPTION OR LOSS OF PRIVACY) ARISING FROM OR RELATED TO THE AGREEMENT, EVEN IF SUCH PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES AND REGARDLESS OF WHETHER SUCH DAMAGES ARE ASSERTED ON THE BASIS OF CONTRACT, TORT STRICT LIABILITY OR BASIS IN LAW.

11.1 IN NO EVENT SHALL EARTHLINK BE LIABLE FOR DAMAGES GREATER THAN THE SUM TOTAL OF PAYMENTS MADE BY CUSTOMER TO EARTHLINK DURING THE THREE (3) MONTHS IMMEDIATELY PRECEDING THE EVENT FOR WHICH DAMAGES ARE CLAIMED.

11.2 **Disclaimer of Actions Caused by and/or Under the Control of Third Parties.** EarthLink does not control software, products and services or the flow of data and other Content and communications provided or controlled, in whole or in part, by third Parties. At times, the actions or inactions of third Parties may impair or disrupt the Services and EarthLink does not guarantee that such events will not occur. Accordingly, EarthLink and its affiliates disclaim all liability resulting from or related to such third Party risks to the extent not otherwise specifically provided in the Agreement.

11.3 **Disclaimer of Emergency 9-1-1 Services.** IF CUSTOMER USES VoIP (VOICE over INTERNET PROTOCOL)-BASED PHONES, CUSTOMER IS ADVISED THAT EMERGENCY 9-1-1 SERVICE MAY NOT FUNCTION OR BE AVAILABLE TO CUSTOMER WITH THE LOSS OF ELECTRICAL POWER OR IF THE BROADBAND CONNECTION IS NOT OPERATIONAL. EMERGENCY 9-1-1 SERVICE WILL NOT BE AVAILABLE AT ANY REMOTE LOCATION IF INTERNAL USERS ARE ALLOWED TO USE THEIR VoIP-BASED PHONES REMOTELY. EARTHLINK WILL ALSO PROVIDE LABELS TO CUSTOMER THAT ALERT USERS TO THE LIMITATIONS. THE FEDERAL COMMUNICATIONS COMMISSION RECOMMENDS THAT CUSTOMER PLACE THESE LABELS ON OR NEAR THE TELEPHONE AND OTHER EQUIPMENT ASSOCIATED WITH CUSTOMER'S VoIP-BASED PHONES. CUSTOMER SHALL EXECUTE AND RETURN TO EARTHLINK THE 911 AND E911 NOTICE AND DISCLOSURE UPON EXECUTION OF THE APPLICABLE AFS. A COPY OF THE 911 AND E911 NOTICE AND DISCLOSURE CAN BE FOUND ON THE EARTHLINK WEBSITE.

 **EarthLink**

**STANDARD AGREEMENT FOR
SERVICE TERMS AND CONDITIONS**

IN CERTAIN CIRCUMSTANCES, A COMMERCIAL/BUSINESS CUSTOMERS MAY HAVE THEIR SERVICES PROVIDED ON FIBER WHICH EARTHLINK PURCHASES ON A WHOLESALE BASIS FROM THIRD PARTY PROVIDERS.  IN THE EVENT OF THE LOSS OF ELECTRICAL POWER, THE EMERGENCY 9-1-1 SERVICE WILL NOT BE AVAILABLE WITHOUT A BACKUP POWER SOURCE, SUCH AS, BATTERY BACKUP EQUIPMENT.  CUSTOMER IS SOLELY RESPONSIBLE FOR THE PROVISION OF ANY BACKUP POWER SOURCE UNLESS SPECIFICALLY CONTRACTED OTHERWISE WITH EARTHLINK.

11.4 **Customer Warranty.** Customer represents and warrants that: (a) the Customer Assets and their use will not infringe or misappropriate any third-Party patent, copyright, trademark or trade secret; (b) Customer will not interfere with EarthLink's performance of the Agreement; (c) Customer will keep Customer Equipment located at an EarthLink Facility in good operating condition; and (d) Customer will not interfere with any EarthLink security measures. Customer acknowledges and agrees that EarthLink is not responsible for how the Services are used by Customer or its End Users.

11.5 **Customer Decisions.** As part of the Services, EarthLink may provide Customer with recommendations, advice or information concerning Customer's information technology infrastructure and security measures, and other matters relating to Customer's information technology operations. Such recommendations, advice or information are intended to assist Customer with its business operations, but should not be viewed as prescriptive or authoritative and Customer is responsible for making independent decisions about which recommendations, advice or information to accept, use and implement and their implementation. EarthLink is not liable for Customer's decisions concerning which recommendations, advice or information to accept, use or implement or their implementation.

12. **Force Majeure.** EarthLink shall not be liable for any delay or failure of performance in connection with the provision of the Services to the extent that such failure or delay is caused by Acts of God, acts of civil or military authority, government regulations, embargoes, epidemics, war, terrorist acts, cyber-attacks, riots, insurrections, fires, explosions, earthquakes, nuclear accidents, floods, strikes, power blackouts, cable cuts, volcanic action, other major environmental disturbances, unusually severe weather conditions, inability to secure products or services of other persons or transportation facilities, labor disruptions, or acts or omissions of transportation common carriers or other causes beyond the reasonable control of EarthLink. If any force majeure event occurs, EarthLink shall give reasonable notice to the Customer and take reasonable steps to correct the excuse of performance condition. For the duration of any force majeure event, the duties of EarthLink under the Agreement shall be abated and shall resume without liability thereafter. Should the force majeure event continue for a period of more than sixty (60) days, either Party shall have the right to terminate the affected Service(s).

13. **Relationship of the Parties.** The Parties shall perform all of their duties under the Agreement as independent contractors or independent parties and shall discharge their contractual obligations at their own risk, subject, however, to the terms and conditions thereof. The relationship between the Parties shall not be deemed to be that of an agent and principal, partners, or joint venturers, and nothing contained in the Agreement shall be deemed to constitute a partnership or agency agreement between them for any purposes, including, but not limited to, tax purposes.

14. **Press Release and Authorized Use of Name.** Neither Party may use the other Party's trade-marks, service marks or trade names ("Marks") or otherwise refer to the other Party in any marketing, promotional or advertising materials or activities, without the prior written consent of the other Party, which consent shall not be unreasonably withheld, conditioned or delayed. Each Party's Marks are proprietary to such Party and nothing in the Agreement constitutes the grant of a general license for their use. Upon termination of the Agreement or delivery of written notice by a Party, all rights of the other Party to use such Party's Marks shall expire.

15. **Notices.** Except as otherwise provided herein, any notice required to be given in writing shall be in English and sent by electronic mail ("email"), facsimile transmission ("fax"), or U.S. mail. Notice to EarthLink shall be sent to: EarthLink, 330 Monroe Ave, Rochester, NY 14607 to the attention of Legal Department, or if by fax to (877) 852-2287, with copy to the Executive Escalations Office, 330 Monroe Ave, Rochester, NY 14607. Notice to Customer shall be sent to the address or email or fax number provided by Customer on the first page of the Agreement. All notices and other communications required or permitted under the Agreement shall be in writing and shall be deemed to have been delivered to the other Party's notice address specified in the Agreement in the absence of evidence of earlier delivery: (a) on the delivery date, if delivered by hand; (b) the next business day after being deposited for delivery with a recognized overnight courier; (c) on the date received, if sent by facsimile with evidence of successful completion; or (d) three (3) business days after deposit in the mail. Either Party may change the notice address to which future notices or other communications shall be sent by providing notice.

EarthLink, LLC  Confidential
Rev Date:  January 2017 © 2017 EarthLink, LLC  All Rights Reserved

 **EarthLink®**

**STANDARD AGREEMENT FOR**
**SERVICE TERMS AND CONDITIONS**

**16. Arbitration.** Except as may otherwise be provided herein, any dispute, controversy or claim arising out of, connected with or relating to the Agreement, its performance or the breach thereof which cannot be settled by mutual agreement of the Parties shall, upon application by either party, be resolved by final and binding arbitration by a panel of three (3) arbitrators in accordance with the Commercial Arbitration Rules of the American Arbitration Association ("AAA") then in effect with such arbitration to be conducted in Atlanta, Georgia, or such other place as the parties agree or as the AAA may so designate. The AAA's Rules can be found at www.adr.org. The Parties may, only by mutual written agreement, use an arbitrator not presented on the roster submitted by the AAA. Discovery as permitted by the Federal Rules of Civil Procedure then in effect will be allowed to the extent consistent with the purpose of the arbitration and as allowed by the arbitrators. The Federal Rules of Evidence will apply to any arbitration hearing. Judgment upon the award rendered in any arbitration may be entered in any court having jurisdiction thereof, or application may be made to such court for a judicial acceptance of the award and enforcement, as the law of the state having jurisdiction may require or allow. The fact that arbitration is or may be allowed will not impair the exercise of any termination rights under the Agreement. Unless cost-shifting is otherwise permitted by this Agreement or by law: (a) each Party shall bear their own costs and expenses; and (b) all administrative expenses (including the arbitrator's fees) will be split equally by the parties,

16.2 The Federal Arbitration Act, 9 U.S.C. 1, et seq. (the "FAA") governs the interpretation and enforcement of this agreement to arbitrate. The FAA's provisions, not state law, govern all questions of whether a dispute is subject to arbitration. This agreement to arbitrate is intended to be broadly interpreted. Except as provided in paragraph 16.3 below, it includes, but is not limited to disputes and claims arising out of or relating to any aspect of the relationship between EarthLink and Customer, whether based in contract, tort, statute, fraud, misrepresentation or any other legal theory.

16.3 The Parties agree that this arbitration provision has been included to rapidly and inexpensively resolve any disputes between them with respect to the Agreement, and that this provision shall be grounds for dismissal of any court action commenced by either Party with respect to the Agreement, other than (i) actions to compel a Party to comply with these dispute resolution procedures; (ii) actions specified in this provision; (iii) post-arbitration actions seeking to enforce an arbitration award; (iv) a dispute, controversy or claim relating to a breach or alleged breach on the part of either Party regarding confidential information; (v) a suit, action or proceeding to compel a Party to comply with its obligations to indemnify the other Party pursuant to the Agreement; or (vi) a suit, action or proceeding arising out of or related to any Party's intellectual property rights. The Parties shall keep confidential, and shall not disclose to any person, except as may be required by law, the existence of any controversy hereunder, the referral of any such controversy to arbitration or the status or resolution thereof. The procedures specified in this provision shall be the sole and exclusive procedures for the resolution of an arbitrable dispute; provided, however, that a Party, without prejudice to these procedures, may file a complaint or seek a temporary restraining order, preliminary injunction, or other provisional judicial relief, if in its sole judgment such action is necessary to avoid irreparable damage or to preserve the status quo. Customer indemnifies EarthLink for any costs associated with Customer's violation of this Arbitration provision. Nothing in this Agreement shall limit a Party from seeking provisional remedies in aid of arbitration, such as a temporary restraining order or preliminary injunction sought to preserve the status quo pending an arbitration hereunder. This arbitration agreement does not preclude Customer from bringing issues to the attention of federal, state, or local agencies as applicable. In addition, and notwithstanding the other provisions of this arbitration agreement, either Customer or EarthLink may bring an individual action in small claims court.

16.4 CUSTOMER AGREES THAT BY ENTERING INTO THIS AGREEMENT, CUSTOMER AND EARTHLINK EACH WAIVE THE RIGHT TO PARTICIPATE IN A CLASS ACTION. THIS AGREEMENT DOES NOT ALLOW FOR CLASS ARBITRATION EVEN IF THE AAA PROCEDURES OR RULES WOULD. CUSTOMER AND EARTHLINK AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN AN INDIVIDUAL CAPACITY ONLY AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PUTATIVE CLASS OR REPRESENTATIVE PROCEEDING. Further, and unless Customer and EarthLink agree otherwise in writing, the arbitrator may not consolidate more than one individual party's claims with any other party's claims, and may not otherwise preside over any form of a representative or collective proceeding. The arbitrator shall not have the authority to determine the enforceability of this provision. The arbitrator may award injunctive relief only in favor of the individual party seeking relief and only to the extent necessary to provide relief warranted by that party's individual claim.

**17. Governing Law, Jurisdiction, Venue and Limitation of Action.** The Agreement will be interpreted and enforced in accordance with the law of the State of Georgia, U.S.A., without regard to its conflicts of law rules. THE PARTIES AGREE THAT NEITHER THE UNIFORM COMPUTER INFORMATION TRANSACTIONS ACT NOR ANY VERSION THEREOF, ADOPTED BY ANY STATE, IN ANY FORM, NOR THE UNITED NATIONS CONVENTION ON CONTRACTS FOR THE INTERNATIONAL SALE OF GOODS, WILL APPLY TO THE AGREEMENT The prevailing Party in any action or proceeding arising out of the

 **EarthLink®**

**STANDARD AGREEMENT FOR
SERVICE TERMS AND CONDITIONS**

Agreement will be entitled to recover its related expenses and fees, including attorney's fees. Unless otherwise set forth herein, any dispute arising under this Agreement shall be brought within two (2) years of the date of such dispute.

**18. Business Associate Terms.**

**18.1 Relationship of the Parties.** Pursuant to Section 6.6 of these Terms and Conditions, if Customer has informed EarthLink that it is considered a "Covered Entity" or a "Business Associate" under HIPAA and that Customer Content includes Protected Health Information ("PHI"). Because Customer Content includes PHI, EarthLink is a Business Associate under HIPAA and the Health Insurance Technology for Economic and Clinical Health Act (Public Law 111-5) and associated agency regulations and guidance (the "HITECH Act"). This Section 18 sets forth the provisions required to protect PHI that may be included in Customer Content in accordance with HIPAA, the HITECH Act and other federal and state privacy and security laws and regulations (collectively, "Applicable Law") and to facilitate Customer's and EarthLink's compliance efforts under Applicable Law.

**18.2 Defined Terms.** For the purposes of this Section 18, unless otherwise indicated below or elsewhere in the Agreement, all capitalized terms will have the meanings provided in 45 C.F.R 160.103 and 164.501.

**18.3 Obligations of EarthLink.**

**18.3.1 Limits on Use and Disclosure.** Except as otherwise limited in the Agreement, EarthLink may use or disclose PHI to perform functions, activities, or services for, or on behalf of Customer as specified in the Agreement and as permitted or required by applicable law and regulations. Except as otherwise limited in the Agreement, EarthLink may also:

**18.3.1.1** Use PHI for the proper management and administration of EarthLink or to carry out the legal responsibilities of EarthLink; and

**18.3.1.2** Disclose PHI for the proper management and administration of EarthLink, provided that disclosures are required by law, or EarthLink obtains reasonable assurances from the person to whom the information is disclosed that the information will remain confidential and be used or further disclosed only as required by law or for the purpose for which it was disclosed to the person, and that the person will notify EarthLink of any instances of which it is aware in which the confidentiality of the information may have been breached.

**18.3.2 Minimum Necessary.** Any use or disclosure of the PHI will be limited to the minimum PHI necessary for the permitted purpose and restricted to those employees, subcontractors or agents subject to an obligation of confidentiality with EarthLink that is as protective of the PHI as permitted and/or required by Applicable Law. EarthLink agrees to make uses, disclosures and requests for PHI consistent with EarthLink's minimum necessary policies and procedures. EarthLink will comply with any guidance issued by the Secretary regarding compliance with the minimum necessary standard.

**18.3.3 Safeguards.** EarthLink will implement and maintain the reasonable and appropriate administrative, physical and technical safeguards selected by Customer in the AFS and required by Applicable Law. EarthLink will also develop and implement policies and procedures and maintain documentation of such policies and procedures to assure compliance with applicable provisions of the Privacy Rule and the Security Rule.

**18.3.4** Reports of Unauthorized Access, Use or Disclosure. EarthLink will report in writing to Customer, without unreasonable delay, (i) any use or disclosure of PHI that is not authorized by the Agreement including, but not limited to, Security Incidents, and (ii) any Breach of Unsecured PHI. EarthLink will deliver such notice no later than thirty (30) days after the date on which EarthLink (or any member of EarthLink's workforce or agent of EarthLink except the person(s) responsible for the Breach) became aware, or in the exercise of reasonable diligence should have become aware, of such unauthorized use or disclosure or Breach.  Notice of any unauthorized use or disclosure or Breach will, if known, (i) describe the event resulting in the unauthorized use or disclosure or Breach; (ii) describe the types of PHI that were involved in the unauthorized use or disclosure or Breach; and (iii) describe what EarthLink is doing to investigate, mitigate losses arising from and protect against any further unauthorized use or disclosure or Breach.  EarthLink will maintain all documentation associated with the investigation of a potential unauthorized use or disclosure or Breach, including any information influencing EarthLink's position that the use or disclosure was or was not a Breach and any exceptions applied to the use or disclosure.  On request, EarthLink will provide Customer with the documentation of the unauthorized use or disclosure or Breach. The Parties acknowledge and agree that this section constitutes notice by EarthLink to Customer of the ongoing existence and occurrence of attempted but Unsuccessful Security Incidents for which no additional notice to Customer will be required.

 **EarthLink®**

**STANDARD AGREEMENT FOR**
**SERVICE TERMS AND CONDITIONS**

18.3.5 **Mitigation Procedures**. In the event of any improper use and/or disclosure of PHI, EarthLink will work, and where practicable Customer will work cooperatively with EarthLink, to implement procedures for mitigating the harmful effects of such improper use and/or disclosure.

18.3.6 **Accounting of Disclosures**. Upon request from Customer, EarthLink will provide Customer with a list of all vendors to whom PHI may have been disclosed during the previous six (6) years or such shorter period as indicated in the request. This list of disclosures will be made available to Customer within the time frame and in the manner permitted and/or required by Applicable Law or as otherwise agreed by the Parties in writing. In the event the request for an accounting is delivered by an Individual directly to EarthLink, EarthLink will forward such request to Customer. It will be Customer's responsibility to prepare and deliver any such accounting requested.

18.3.7 **Access to and Amendment of PHI**. EarthLink does not maintain a Designated Record Set for or on behalf of Customer. In the event a request for access or amendment is delivered directly to EarthLink by an Individual, EarthLink will forward such request to Customer. Customer will be solely responsible for responding to such requests.

18.3.7 **De-Identification**. EarthLink may not de-identify any PHI.

18.3.8 **Subcontractors**. EarthLink will enter into a Business Associate Agreement with any subcontractor to whom it provides PHI to ensure that such subcontractor agrees to the same restrictions and conditions that apply through this Agreement to EarthLink.

18.3.9 **Availability of Books and Records**. EarthLink agrees to make its internal practices, books and records relating to its uses or disclosures of the PHI available to Customer, or, if directed in writing, the Secretary for purposes of determining compliance with Applicable Law, subject to attorney-client and other applicable privileges.

18.4 **Obligations of Customer**.

18.4.1 **Compliance with Applicable Law**. Customer is responsible for its data security and compliance with Applicable Law including, but not limited to: (i) encrypting any PHI prior to making such PHI part of the Customer Content, and such encryption must be done in accordance with guidelines for the encryption of ePHI promulgated by the U.S. Department of Health & Human Services, as such guidance may be amended from time to time; (ii) making exact replicable copies of all PHI; (iii) ensuring that the SLAs for the Services meet the Customer's needs to access PHI during a disaster and, if such SLAs are not sufficient, taking any steps that Customer deems necessary to ensure that all PHI is available during a disaster; and (iv) deploying anti-virus software protect Customer's PHI from malicious software.

18.4.2 **Maintenance of PHI**. Customer is responsible for creating, amending or maintaining the PHI in a Designated Record Set.

18.4.3 **Individual Rights Requests**. Customer is responsible for responding to all requests from individuals for access to or amendment of PHI and any requests for an accounting of disclosures.

18.4.4 **Permissions**. Customer agrees to provide EarthLink with timely written notice of any changes in, or revocation of, permission by an Individual to use or disclose the PHI, if such change affects EarthLink's rights or obligations with respect to the PHI.

18.4.5 **Restrictions**. Customer agrees to provide EarthLink with timely written notice of any restriction on the use or disclosure of the PHI agreed to by Customer, in accordance with 45 C.F.R. §164.522, to the extent such restriction affects EarthLink's rights or obligations with respect to the PHI.

18.5 **Physical System Access**. If Customer has access to any EarthLink Facility because EarthLink is providing Colocation Services, Customer must provide to EarthLink a written listing of those employees, agents, or contractors of Customer who may physically access the EarthLink Property on which Customer maintains or through which Customer transmits PHI (the "EarthLink Storage Assets"). Any changes to the listing must be provided to EarthLink by Customer in writing. EarthLink retains the right to deny physical access to the EarthLink Storage Assets to any individual if Customer has not included such individual on the listing to be provided to EarthLink pursuant to this Section.

18.6 **Non-Physical Access**. To the extent EarthLink provides, allows or controls remote  or other non-physical access to any

 **EarthLink**

**STANDARD AGREEMENT FOR
SERVICE TERMS AND CONDITIONS**

EarthLink Property on which Customer maintains or transmits PHI (the "Remote Access"), Customer must provide to EarthLink a written listing of those employees, agents, or contractors of Customer who may be permitted Remote Access. Any changes to the listing must be provided to EarthLink by Customer in writing. EarthLink retains the right to deny Remote Access to any individual if Customer has not included such individual on the listing provided to EarthLink pursuant to this Section.

**18.7 Risk Assessment.** Customer acknowledges and agrees that (a) it is solely responsible for Customer's compliance with HIPAA; (b) it has conducted an assessment of the potential risks and vulnerabilities to the confidentiality, integrity, and availability of PHI; (c) it has determined that the Services are sufficient for Customer's purposes and Customer's compliance with HIPAA; and (d) EarthLink is not responsible for determining whether any items or services provided by EarthLink are sufficient for Customer's compliance with HIPAA.

**18.8 Effect of Termination.** Notwithstanding anything herein to the contrary, upon termination of the Agreement, EarthLink will return or destroy the PHI, unless required otherwise by Applicable Law. If return or destruction of the PHI is not feasible, EarthLink will extend the protections of this Section until the PHI can be returned or destroyed. If EarthLink elects to destroy the PHI, it will certify destruction upon Customer's written request.

**18.9 Miscellaneous Terms.** Any ambiguity in this Section will be resolved in favor of a meaning that permits Customer and EarthLink to comply with Applicable Law. Any and all references in this Section to a statute or regulation mean the section as in effect or as amended. The Parties agree that if Applicable Law changes, this Section will be deemed to incorporate such changes as necessary for EarthLink and Customer to operate in compliance with the amended or modified requirements of Applicable Law.

**19. CUSTOMER PROPRIETARY NETWORK INFORMATION NOTICE AND AUTHORIZATION.** EarthLink, its affiliates and its successors-in-interest are committed to protecting the confidentiality of your telecommunications service information. This information is known as Customer Proprietary Network Information ("CPNI"). Under federal law, you have a right and we have a duty to protect the confidentiality of your CPNI.

CPNI is information that relates to the quantity, technical configuration, type, destination, location, and amount of use of a telecommunications service subscribed to by you and that is made available to us solely by virtue of our carrier-customer relationship. It includes information contained in your bills pertaining to the telecommunications services we provide to you but does not include information derived from non-telecommunications services we provide to you.

In order to better serve your communications needs and to develop, identify, offer and provide you with advanced communications-related products and services, including some that may be different from the class of service we already provide to you, we may access and use your CPNI and share it with our affiliates, agents, partners, vendors, contractors and their subsidiaries. By signing this AFS, either manually or by e-signature, you consent to our access, use and sharing of CPNI as described above. This consent is valid until revoked by you.

To limit or revoke consent at any time, you must use one of the following methods: (1) completing the opt out form at www.earthlinkbusiness.com/optout; (2) contact Customer Service at (855) EL-Care-1 (or (3) notify us in writing at EarthLink, 2150 Holmgren Way, Green Bay, WI 54304. You must provide the following information: (i) your name; (ii) service billing address; (iii) ten-digit telephone number(s); and (iv) service account number. If we do not hear from you within 30 days of signing this AFS, we will assume that you do not wish to opt-out. Your decision will not affect the provision of services you receive from EarthLink.

**20. Assignment.** Neither this Agreement, nor any right or interest hereunder, may be assigned or otherwise transferred by Customer without the prior written consent of EarthLink, which consent shall not be unreasonably withheld, conditioned or delayed. This Agreement will be binding on and inure to the benefit of the Parties, their respective successors and permitted assigns.

**21. Partial Invalidity.** If any term, clause, provision, covenant or condition contained in the Agreement is adjudicated to be illegal or unenforceable, all other terms, clauses, provisions, covenants or conditions of the Agreement shall remain in force and effect, and the term, clause, provision, covenant or condition held illegal or unenforceable shall remain in effect as far as possible in accordance with the intention of the Parties.

**22. Entire Agreement.** This Agreement (including all incorporated documents) constitutes the entire agreement and understanding of the Parties with respect to its subject matter and supersedes all prior agreements and understandings of the Parties, whether oral or written, concerning such subject matter. Except as set forth in this Agreement, neither Party nor its



**STANDARD AGREEMENT FOR**
**SERVICE TERMS AND CONDITIONS**

agents has made any express or implied representation or warranty with respect to the Agreement or its subject matter; accordingly, neither Party will be bound by nor liable for any such representation, promise or inducement made by the other Party or its agents that is not stated in the Agreement. This Agreement may be modified, supplemented, or amended only by a written instrument signed by the Parties.

 **EarthLink®**

**IT SERVICES ORDER**
Order Prices good for 30 days from Today's Date
Quote Expiration Date: July 12, 2015
Quote Created Date: May 28, 2015

**Quote Number: 02240419**

**Customer Info:**
Name: Phillips & Cohen Associates, Ltd
Account:
Status: New Customer
Sales Channel: Agent

**Mailing Address:**
1002 Justison Street
Wilmington, DE  19801

**Business Contact:** (equals Primary Admin Contact)
Name: Anthony Mozzo
Phone: 888.608.1766
Email: amozzo@phillips-cohen.com

**Sales Team Info:**
Rep Name: Clark Currier
Rep ID: 522528  *Terry Harris*
ITSC Name: John Sweeney  No
Network SE Engaged?  No
SE Name: *Dan Hunler*

**Billing Address:** ____ Billing address same as mailing
1002 Justison Street
Wilmington, DE  19801

**Billing Contact:**
Name: Anthony Mozzo
Phone: 888.608.1766
Email: amozzo@phillips-cohen.com

**Sales Team Info:**
Partner Rep Name: *Chorus Communication*
Partner Rep ID:
Branch Location: 96219
Business Segmentation: *Partner Channel*

**Order Info:**
Order Type: New Order
If Other:
Payment Method:
Data Center Connect:  No

**Technical Contact:**
Name: *Sam*
Phone:
Email:

| QTY | SERVICE DESCRIPTION | TERM | ONE-TIME CHARGE | UNIT MONTHLY CHARGE | TOTAL MONTHLY CHARGE |
|---|---|---|---|---|---|
| **Data Center Firewall** | | | | | |
| 1 | Primary Data Center Location (Pittsford - Gen2) | 36 months | $0.00 | $0.00 | $0.00 |
| 1 | Data Center Firewall | 36 months | $0.00 | $175.00 | $175.00 |
| 1 | Data Center Firewall - Setup | 36 months | $250.00 | $0.00 | $0.00 |
| 1 | Web Content Filtering | 36 months | $0.00 | $300.00 | $300.00 |
| 1 | Web Content Filtering - Setup | 36 months | $150.00 | $0.00 | $0.00 |
| 1 | Active Directory Integration | 36 months | $150.00 | $0.00 | $0.00 |
| 90 | Addl Bandwidth (comes w/ 10Mbps) | 36 months | $0.00 | $10.00 | $900.00 |
| 1 | Additional Bandwidth overages will be charged at $35.00/Mbps | 36 months | $0.00 | $0.00 | $0.00 |
| | SUBTOTAL: | | $550.00 | | $1,375.00 |
| **Secure Remote Access** | | | | | |
| 10 | Concurrent SSL VPN Clients | 36 months | $0.00 | $15.00 | $150.00 |
| 10 | Concurrent SSL VPN Clients - Setup Fee | 36 months | $150.00 | $0.00 | $0.00 |
| | SUBTOTAL: | | $150.00 | | $150.00 |
| | **TOTAL SOLUTION:** | | **$700.00** | | **$1,525.00** |

Page 1 of 3



**IT SERVICES ORDER**

Order Prices good for 30 days from Today's Date

**Quote Expiration Date:** July 12,  2015
**Quote Created Date:** May 28,  2015

**Quote Number:** 02240419

 **EarthLink®**

**IT SERVICES ORDER**

Order Prices good for 30 days from Today's Date
**Quote Expiration Date:** July 12, 2015
**Quote Created Date:** May 28, 2015

**Quote Number:** 02240419

By signing below, Customer orders the products and services (collectively, "Services") set forth in this Agreement For Service ("AFS") and authorizes EarthLink Managed Services, LLC, doing business as EarthLink Business ("EarthLink Business") to obtain information from credit bureaus and risk management companies pertaining to its credit and financial condition. The Services and their use are governed by: this AFS and the Terms and Conditions for EarthLink IT Services ("Terms and Conditions"); any applicable Service Schedules for EarthLink IT Services ("Service Schedules"), located at http://www.earthlinkbusiness.com/about-us/legal/terms.xea, and/or Service Level Agreements ("SLAs"), located at http://www.earthlinkbusiness.com/about-us/legal/sla.xea; the supplemental service information attached to this AFS, any related Statement of Work ("SOW") signed by Customer and EarthLink Business (each a "Party" and together, the "Parties"); the Acceptable Use Policy ("AUP") and other policies, disclosures and notices provided to Customer or posted at http://www.earthlinkbusiness.com/about-us/legal/legal.xea; and each attachment and/or amendment incorporated into this AFS by reference in one of the foregoing documents or by a written instrument signed by the Parties, all of which comprise the agreement between the Parties with respect to their use (collectively, the "Agreement"), superseding any prior or contemporaneous understandings and agreements, written or oral, between the Parties with respect to their subject matter. This AFS is effective as of the date it is last signed by the Parties. Prices do not include taxes, fees, surcharges or other similar charges that may apply to the Services. Pricing is based on EarthLink Business' understanding of the reasonable expectations and technical requirements provided by Customer and may be subject to change upon discovery of unforeseen constraints and requirements, including, without limitation, the purchase of additional services and technology components; third-party software licensing, server hardware and other network equipment; allocations of CPU, memory and disk space; and requested or required changes to the Services. Capitalized terms used in this AFS without definition will have the meanings given to them elsewhere in the Agreement. Email or facsimile transmission or re-transmission of a signed photocopy, transmittal document or electronic image (e.g. .pdf or .jpg) will be deemed delivery of an original. This AFS only may be modified by a written instrument signed by the Parties.

| For Customer: | For EarthLink Managed Services, LLC: |
|---|---|
| Printed Name:  Howard Enders | Printed Name:  *Clark Currier* |
| Title:  President | Title:  *Channel Manager* |
| Date:  6/30/15 | Date:  *6/30/15* |

## AFS SUPPLEMENTAL SERVICE INFORMATION

The following information supplements the attached AFS and is incorporated into the Agreement, which will control to the extent of any conflict with this supplemental information:

*Prices do not include any taxes, fees, surcharges and other similar charges that may apply.

The Parties hereby acknowledge their agreement to the foregoing supplemental Service information by the signatures of their authorized representatives below. Capitalized terms used without definition in the foregoing supplemental information will have the meanings given to them in the Agreement.

| By Customer: | By EarthLink Managed Services, LLC: |
|---|---|
| Name:  Howard Enders | Name:  *Clark Currier* |
| Title:  President | Title:  *Channel Manager* |
| Date:  6/30/15 | Date:  *6/30/15* |

Synoptek
Synoptek HOLDCO, LLC (Consolidated)
## A/R Aging Detail
## As of February 17, 2017

| Customer | Transaction Type | Date | Document Number | P.O. No. | Due Date | Age | Open Balance |
|---|---|---|---|---|---|---|---|
| **801250 PHILLIPS & COHEN ASSOCIATES LTD** | | | | | | | |
| | Invoice | 7/21/2016 | 1105956 | | 8/20/2016 | 181 | $1,416.55 |
| | Invoice | 8/21/2016 | 1107080 | | 9/20/2016 | 150 | $1,396.24 |
| | Invoice | 9/21/2016 | 1108043 | | 10/21/2016 | 119 | $1,375.00 |
| | Invoice | 10/21/2016 | 1109449 | | 11/20/2016 | 89 | $1,375.00 |
| | Invoice | 11/21/2016 | 1110689 | | 12/21/2016 | 58 | $1,375.00 |
| | Invoice | 12/21/2016 | 1111951 | | 1/20/2017 | 28 | $1,375.00 |
| | Invoice | 1/17/2017 | 1112991 | | 2/16/2017 | 1 | $32,112.90 |
| **Total - 801250 PHILLIPS & COHEN ASSOCIATES LTD** | | | | | | | **$40,425.69** |
| **Total** | | | | | | | **$40,425.69** |

# Synoptek

# Invoice

| Date | 9/21/2016 |
|---|---|
| Invoice # | 1108043 |
| Acct. No. | 801250 |

**Bill To**

PHILLIPS & COHEN ASSOCIATES LTD
1002 JUSTISON ST
WILMINGTON DE 19801
United States

**Primary Service Location**

PHILLIPS & COHEN ASSOCIATES LTD
1002 JUSTISON ST
WILMINGTON DE 19801
United States

| Terms | Due Date | PO # | Project |
|---|---|---|---|
| Net 30 | 10/21/2016 | | |

| Quantity | Description | Rate | Amount |
|---|---|---|---|
| 90 | SEL - ADDITIONAL BANDWIDTH [09/21/2016 - 10/20/2016] | 10.00 | 900.00 |
| 1 | SEL - DATA CENTER FIREWALL [09/21/2016 - 10/20/2016] | 175.00 | 175.00 |
| 1 | SEL - WEB CONTENT FILTERING [09/21/2016 - 10/20/2016] | 300.00 | 300.00 |

| Remit Address | ACH / Wire Information | General |
|---|---|---|
| Make checks payable to:<br>Synoptek, LLC<br>412 E. Parkcenter Blvd., Suite 300<br>Boise, ID 83706<br><br>** Please contact us for<br>International Wire Instructions. | Zions Bank<br>One South Main Street<br>Salt Lake City, UT 84133<br>Routing Number: 124000054<br>Account Number: 980257158<br>Please send remittance advice to:<br>AR@Synoptek.com | www.Synoptek.com<br>Tax ID: 46-3291703 |

| Subtotal | 1,375.00 |
|---|---|
| Tax Total | 0.00 |
| Total | 1,375.00 |

# Synoptek

# Invoice

| Date | 10/21/2016 |
|---|---|
| Invoice # | 1109449 |
| Acct. No. | 801250 |

**Bill To**

PHILLIPS & COHEN ASSOCIATES LTD
1002 JUSTISON ST
WILMINGTON DE 19801
United States

**Primary Service Location**

PHILLIPS & COHEN ASSOCIATES LTD
1002 JUSTISON ST
WILMINGTON DE 19801
United States

| Terms | Due Date | PO # | Project |
|---|---|---|---|
| Net 30 | 11/20/2016 | | |

| Quantity | Description | Rate | Amount |
|---|---|---|---|
| 90 | SEL - ADDITIONAL BANDWIDTH [10/21/2016 - 11/20/2016] | 10.00 | 900.00 |
| 1 | SEL - DATA CENTER FIREWALL [10/21/2016 - 11/20/2016] | 175.00 | 175.00 |
| 1 | SEL - WEB CONTENT FILTERING [10/21/2016 - 11/20/2016] | 300.00 | 300.00 |

| Remit Address | ACH / Wire Information | General | | |
|---|---|---|---|---|
| Make checks payable to:<br>Synoptek, LLC<br>412 E. Parkcenter Blvd., Suite 300<br>Boise, ID 83706<br><br>** Please contact us for<br>International Wire Instructions. | Zions Bank<br>One South Main Street<br>Salt Lake City, UT 84133<br>Routing Number: 124000054<br>Account Number: 980257158<br>Please send remittance advice to:<br>AR@Synoptek.com | www.Synoptek.com<br>Tax ID: 46-3291703 | Subtotal | 1,375.00 |
| | | | Tax Total | 0.00 |
| | | | Total | 1,375.00 |

# Invoice

# Synoptek

| | |
|---|---|
| Date | 11/21/2016 |
| Invoice # | 1110689 |
| Acct. No. | 801250 |

**Bill To**

PHILLIPS & COHEN ASSOCIATES LTD
1002 JUSTISON ST
WILMINGTON DE 19801
United States

**Primary Service Location**

PHILLIPS & COHEN ASSOCIATES LTD
1002 JUSTISON ST
WILMINGTON DE 19801
United States

| Terms | Due Date | PO # | Project |
|---|---|---|---|
| Net 30 | 12/21/2016 | | |

| Quantity | Description | Rate | Amount |
|---|---|---|---|
| 90 | SEL - ADDITIONAL BANDWIDTH [11/21/2016 - 12/20/2016] | 10.00 | 900.00 |
| 1 | SEL - DATA CENTER FIREWALL [11/21/2016 - 12/20/2016] | 175.00 | 175.00 |
| 1 | SEL - WEB CONTENT FILTERING [11/21/2016 - 12/20/2016] | 300.00 | 300.00 |

| Remit Address | ACH / Wire Information | General | | |
|---|---|---|---|---|
| Make checks payable to:<br>Synoptek, LLC<br>412 E. Parkcenter Blvd., Suite 300<br>Boise, ID 83706<br><br>** Please contact us for<br>International Wire Instructions. | Zions Bank<br>One South Main Street<br>Salt Lake City, UT 84133<br>Routing Number: 124000054<br>Account Number: 980257158<br>Please send remittance advice to:<br>AR@Synoptek.com | www.Synoptek.com<br>Tax ID: 46-3291703 | Subtotal | 1,375.00 |
| | | | Tax Total | 0.00 |
| | | | Total | 1,375.00 |

# Invoice

**Synoptek**

| Date | 7/21/2016 |
|---|---|
| Invoice # | 1105956 |

Total     $1,416.55

## Bill To

PHILLIPS & COHEN ASSOCIATES LTD
1002 JUSTISON ST
WILMINGTON DE 19801
United States

| Terms | Due Date | PO # | Project |
|---|---|---|---|
| Net 30 | 8/20/2016 | | |

| Item | Quantity | Description | Rate | Options | Amount |
|---|---|---|---|---|---|
| Colo Services | 90 | ADDITIONAL BANDWIDTH | 10.00 | | 900.00 |
| (Cloud) Network | 1 | WEB CONTENT FILTERING | 300.00 | | 300.00 |
| (Cloud) Network | 1 | DATA CENTER FIREWALL | 175.00 | | 175.00 |
| Late Fee | 1 | Late Fee | 41.55 | | 41.55 |

| Remit Address | ACH / Wire Information | General | | |
|---|---|---|---|---|
| Make checks payable to:<br>Synoptek, LLC<br>412 E. Parkcenter Blvd., Suite 300<br>Boise, ID 83706<br><br>** Please contact us for<br>International Wire Instructions. | Zions Bank<br>One South Main Street<br>Salt Lake City, UT 84133<br>Routing Number: 124000054<br>Account Number: 980257158<br>Please send remittance advice to:<br>AR@Synoptek.com | www.Synoptek.com<br>Tax ID: 46-3291703 | Subtotal | 1,416.55 |
| | | | Tax Total | 0.00 |
| | | | Total | 1,416.55 |

# Synoptek

# Invoice

| Date | 1/17/2017 |
|---|---|
| Invoice # | 1112991 |
| Acct. No. | 801250 |

## Bill To

PHILLIPS & COHEN ASSOCIATES LTD
1002 JUSTISON ST
WILMINGTON DE 19801
United States

## Primary Service Location

PHILLIPS & COHEN ASSOCIATES LTD
1002 JUSTISON ST
WILMINGTON DE 19801
United States

| Terms | Due Date | PO # | Project |
|---|---|---|---|
| Net 30 | 2/16/2017 | | |

| Quantity | Description | Rate | Amount |
|---|---|---|---|
| 1 | DISCONTINUANCE FEE: HARD DISCONNECT FOR NON-PAYMENT OF ACCOUNT. REMAINING TERM CHARGED 1/1/19 $1,375 MRR X (23 + 11/31) MONTHS = $32,112.90 | 32,112.90 | 32,112.90 |

| Remit Address | ACH / Wire Information | General | | |
|---|---|---|---|---|
| Make checks payable to:<br>Synoptek, LLC<br>412 E. Parkcenter Blvd., Suite 300<br>Boise, ID 83706<br><br>** Please contact us for<br>International Wire Instructions. | Zions Bank<br>One South Main Street<br>Salt Lake City, UT 84133<br>Routing Number: 124000054<br>Account Number: 980257158<br>Please send remittance advice to:<br>AR@Synoptek.com | www.Synoptek.com<br>Tax ID: 46-3291703 | Subtotal | 32,112.90 |
| | | | Tax Total | 0.00 |
| | | | Total | 32,112.90 |

# Synoptek

**Invoice**

| | |
|---|---|
| Date | 12/21/2016 |
| Invoice # | 1111951 |
| Acct. No. | 801250 |

**Bill To**

PHILLIPS & COHEN ASSOCIATES LTD
1002 JUSTISON ST
WILMINGTON DE 19801
United States

**Primary Service Location**

PHILLIPS & COHEN ASSOCIATES LTD
1002 JUSTISON ST
WILMINGTON DE 19801
United States

| Terms | Due Date | PO # | Project |
|---|---|---|---|
| Net 30 | 1/20/2017 | | |

| Quantity | Description | Rate | Amount |
|---|---|---|---|
| 90 | SEL - ADDITIONAL BANDWIDTH [12/21/2016 - 01/20/2017] | 10.00 | 900.00 |
| 1 | SEL - DATA CENTER FIREWALL [12/21/2016 - 01/20/2017] | 175.00 | 175.00 |
| 1 | SEL - WEB CONTENT FILTERING [12/21/2016 - 01/20/2017] | 300.00 | 300.00 |

| **Remit Address** | **ACH / Wire Information** | **General** | | |
|---|---|---|---|---|
| Make checks payable to:<br>Synoptek, LLC<br>412 E. Parkcenter Blvd., Suite 300<br>Boise, ID 83706<br><br>** Please contact us for<br>International Wire Instructions. | Zions Bank<br>One South Main Street<br>Salt Lake City, UT 84133<br>Routing Number: 124000054<br>Account Number: 980257158<br>Please send remittance advice to:<br>AR@Synoptek.com | www.Synoptek.com<br>Tax ID: 46-3291703 | Subtotal | 1,375.00 |
| | | | Tax Total | 0.00 |
| | | | Total | 1,375.00 |

# Invoice

## Synoptek

| | |
|---|---|
| Date | 8/21/2016 |
| Invoice # | 1107080 |

Total      $1,396.24

### Bill To

PHILLIPS & COHEN ASSOCIATES LTD
1002 JUSTISON ST
WILMINGTON DE 19801
United States

| Terms | Due Date | PO # | Project |
|---|---|---|---|
| Net 30 | 9/20/2016 | | |

| Item | Quantity | Description | Rate | Options | Amount | Tax R... |
|---|---|---|---|---|---|---|
| Colo Services | 90 | ADDITIONAL BANDWIDTH | 10.00 | | 900.00 | 0.0% |
| (Cloud) Network | 1 | WEB CONTENT FILTERING | 300.00 | | 300.00 | 0.0% |
| (Cloud) Network | 1 | DATA CENTER FIREWALL | 175.00 | | 175.00 | 0.0% |
| Late Fee | 1 | Late Fee | 21.24 | | 21.24 | 0.0% |

| Remit Address | ACH / Wire Information | General |
|---|---|---|
| Make checks payable to:<br>Synoptek, LLC<br>412 E. Parkcenter Blvd., Suite 300<br>Boise, ID 83706<br><br>** Please contact us for<br>International Wire Instructions. | Zions Bank<br>One South Main Street<br>Salt Lake City, UT 84133<br>Routing Number: 124000054<br>Account Number: 980257158<br>Please send remittance advice to:<br>AR@Synoptek.com | www.Synoptek.com<br>Tax ID: 46-3291703 |

| | |
|---|---|
| Subtotal | 1,396.24 |
| Tax Total | 0.00 |
| Total | 1,396.24 |

# Statement

# Synoptek

| | |
|---|---|
| Date | 2/17/2017 |
| Amount Due | $40,425.69 |
| Amount Encl. | |
| Currency | USA |

Synoptek, LLC / Synoptek Managed Services, LLC
19520 Jamboree Rd Ste 110
Irvine CA 92612-2429
United States

**Bill To**
PHILLIPS & COHEN ASSOCIATES
1002 JUSTISON ST
WILMINGTON DE 19801
United States

| Date | Description | Consolidated | Charge | Payment | Balance |
|---|---|---|---|---|---|
| 1/17/2017 | Balance Forward | | | | 8,312.79 |
| 1/17/2017 | Invoice #1112991 | | 32,112.90 | | 40,425.69 |

| Current | 1-30 Days | 31-60 Days | 61-90 Days | Over 90 Days | Amount Due |
|---|---|---|---|---|---|
| 0.00 | 33,487.90 | 1,375.00 | 1,375.00 | 4,187.79 | $40,425.69 |