IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYNOPTEK, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No.: 17-cv-1345-UNA |
| PHILLIPS & COHEN ASSOCIATES, LTD., | ) | |
| Defendant. | ) | |

**DEFENDANT PHILLIPS & COHEN ASSOCIATES, LTD.'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Phillips & Cohen Associates, Ltd. ("PCA"), by counsel and pursuant to Fed. R. Civ. P. 12(b)(6) and Local Civ. R. 7.1.2, respectfully moves this Court to dismiss Plaintiff Synoptek, Inc.'s ("Plaintiff" or "Synoptek") Complaint. In support of its Motion, PCA states the following:

## INTRODUCTION

Plaintiff's four-paragraph Complaint seeks to enforce a contract to which it is not a party.[1] As a result, the Complaint must be dismissed. As evidenced by the contract attached to the Complaint, there is no question that the contract is between PCA and Earthlink Business – *not* PCA and Synoptek. In fact, Synoptek is not mentioned anywhere in the contract. In addition to there being no contract between the parties, Plaintiff's Complaint is also completely devoid of any facts that would allow it to enforce the contract at issue. Instead, Plaintiff simply alleges that PCA owes Plaintiff $40,425.69, interest and attorneys' fees pursuant to the contract attached to

[1] Plaintiff filed its Complaint in the Superior Court of the State of Delaware on August 11, 2017. On September 22, 2017, PCA removed the case pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

the Complaint. (Compl. ¶ 3.) These conclusory allegations come nowhere near to meeting the well-established standards under Rule 12(b)(6) and, therefore, dismissal is required.

## ARGUMENT

### I. Plaintiff's Complaint fails under the well-established Rule 12(b)(6) standards.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court should dismiss Plaintiff's Complaint in its entirety because Plaintiff fails to state a claim upon which can be granted. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). In order to state a claim, a plaintiff must allege a factual basis for each element of each claim asserted. *Twombly*, 550 U.S. at 556. Mere legal conclusions or formulaic recitations of the elements of a cause of action will not suffice. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008); *Mervyn's LLC v. Lubert-Adler Grp. IV, LLC (In re Mervyn's Holdings, LLC)*, 426 B.R. 96, 101 (Bankr. D. Del. 2010). Because Plaintiff's Complaint is devoid of *any* facts to support the existence of a contract, let alone a claim for a breach of that contract, the Complaint must be dismissed.

### II. Plaintiff fails to allege the existence of a contract between the parties.

Applying these principles, the Court should dismiss the Complaint because cannot sufficiently allege a claim for a breach of contract. In order to state such a claim, Plaintiff must show (a) the existence of a contract; (b) the breach of an obligation imposed by that contract; and (c) resulting damages to the plaintiff. *Pedrick v. Roten*, 70 F. Supp. 3d 638, 646 (D. Del. 2014); *Lorenzetti v. Hodges*, 62 A.3d 1224 (Del. 2013); *see also CMS Inv. Holdings, LLC v. Castle*, No. 9468-VCP, 2015 Del. Ch. LEXIS 169, at *46 (Ch. June 23, 2015) (dismissing plaintiff's breach

of contract claims against certain defendants because plaintiff failed to "explain why it would be bound by the [Agreement]" with plaintiff).

Here, Plaintiff has failed to plead any facts to support the most basic element—the existence of a contract between Plaintiff and PCA. The lone substantive allegation in the Complaint states: "The aforesaid Defendant owes the aforesaid Plaintiff [a] principal sum . . . pursuant to a debt, note, contract, deficiency balance and/or legal obligation identified further as Exhibit A." There are literally no facts regarding the parties to the contract, the existence of the contract, and the applicable provisions of the contract that were allegedly breached. While Plaintiff attaches a copy of the alleged contract at issue, that contract is not between PCA and Synoptek. Instead, the contract attached to the Complaint is a contract between PCA and Earthlink. The very first page of the Agreement for Service states that it is an "Earthlink Agreement for Service." (*See* Compl., Exh. A.) The contract specifically states:

> "By signing this Agreement for Service ("AFS"), the Customer signing below ("Customer") hereby orders from EarthLink Business the products/services listed above (each a "Service" and collectively, the "Services") for the Service Term specific [sic] above.

The "customer" defined above is PCA and the signatories to the contract are PCA and Earthlink Business. Thus, there is no question Synoptek is not a signatory, is not a party to the contract and has no rights to enforce the contract. *See Insituform of North America, Inc. v. Chandler*, 534 A.2d 257, 270 (Del. Ch. 1987) (non-signatories to a contract have no rights under the contract and no standing to assert claims under the contract).

This Court faced a similar issue in *BP Amoco Chem. Co. v. Sun Oil Co.* In *Sun Oil*, the plaintiff alleged breach of contract claims against several defendants. 166 F. Supp. 2d 984, 987 (D. Del. 2001). In dismissing the claim against certain defendants, the Court found the

allegations insufficient where the plaintiff "failed to allege that any contractual obligation [ran] from the defendants to [plaintiff]." *Id.* at 998 *aff'd on reh'g* 200 F. Supp. 2d 429 (D. Del. 2002).

Here, like in *Sun Oil*, Plaintiff attached a contract to the Complaint that fails to show any contractual obligation between PCA and Synoptek. Plaintiff fails to allege any facts that would allow Synoptek to enforce a contract to which it is neither a signatory nor a party. Therefore, the Complaint should be dismissed.

Moreover, to the extent Plaintiff would claim to be a third-party beneficiary of the attached contract, Plaintiff has not alleged any facts to support that it has any rights to enforce the contract between PCA and Synoptek. Indeed, Plaintiff could only be a third-party beneficiary if the parties intended to confer a benefit on the third-party. *Guardian Constr. Co. v. Tetra Tech Richardson, Inc.*, 583 A.2d 1378, 1386 (1990). There are no facts in the Complaint that Plaintiff is an intended third-party beneficiary of the contract or that there is any other theory under which Plaintiff could enforce the contract. Therefore, dismissal is appropriate.

**III. Plaintiff fails to allege a breach of the alleged contract.**

Finally, in addition to Plaintiff's failure to allege the existence of a contract between itself and PCA, Plaintiff's claim also fails because the only allegation related to the alleged breach is conclusory. Without proof of a breach of a specific contract provision, Plaintiff cannot state a breach of contract claim against any entity, let alone an entity that is not even a party to the contract. *Riverside Fund V, L.P. v. Shyamsundar*, No. N14C-10-038 EMD CCLD, 2015 Del. Super. LEXIS 416, at *9 (Super. Ct. Aug. 17, 2015)*; Miller v. Greenwich Capital Fin. Prods.* (In re Am. Bus. Fin. Servs.), 362 B.R. 135, 147 (Bankr. D. Del. 2007); see *also Ampro Computers., Inc. v. LXE, Ltd. Liab. Co.*, No. 13-1937-LPS, 2015 U.S. Dist. LEXIS 119717, at *3 (D. Del.

Sep. 9, 2015) (granting motion to dismiss plaintiff's original complaint because it did not "adequately identify provisions in the contract that are alleged to be breached").

Here, Plaintiff's only allegation is that PCA owes Plaintiff an amount certain, plus interest and attorney fees for a breach "pursuant to a debt, note, contract, deficiency balance and/or legal obligation." (Compl. ¶ 3.) Nowhere in the Complaint does Plaintiff allege a specific provision of the contract that was breached. As a result, Plaintiff's four-paragraph Complaint against PCA must be dismissed.

**CONCLUSION**

For the foregoing reasons, Defendant Phillips & Cohen Associates, Ltd., respectfully moves this Court to enter an Order granting this Motion and Dismissing Plaintiff's Complaint, and all claims therein, with prejudice and for such other and further relief as the Court deems appropriate.

Dated: September 29, 2017

Respectfully submitted,

FARNAN LLP

/s/ Michael J. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street
12th Floor
Wilmington, DE 19801
Telephone: 302-777-0300
Facsimile: 302-777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Defendant Phillips & Cohen Associates, Ltd.*

Of Counsel:

Ethan G. Ostroff
Troutman Sanders LLP
222 Central Park Avenue
Suite 2000
Virginia Beach, VA 23462
Phone: 757.687.7500
Fax: 757.687.7510

Meagan Mihalko
Troutman Sanders LLP
Troutman Sanders Building
1001 Haxall Point
15th Floor
Richmond, VA 23219
Phone: 804.697.1200
Fax: 804.697.1339